FRED R. SAWYER, executor, *vs.* ISABEL F. CLARK & others.

Suffolk. December 6, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Pleading and Practice,* Findings of judge, Appeal. *Undue Influence.*

A judge who heard a suit in equity by an executor to compel a reconveyance of certain property alleged to have been procured by the defendant from the testator through undue influence and because the testator was of unsound mind, filed a memorandum in which he stated findings that the testator at the time in question was of sound mind and that the defendant had not exercised any improper or controlling influence over him. Later, upon a motion by the plaintiff for specific findings upon designated facts, the judge filed an additional memorandum, the last sentence of which was as follows: " In finding the foregoing facts I do not intend to change in any respect the memorandum filed . . . [previously] . . . but hereby reaffirm the same." *Held,* that by the above statement in the second memorandum the judge clearly indicated that his findings stated in the first memorandum were not inferences from findings made on the particular facts detailed in the plaintiff's later motion, but were independent findings based on the whole evidence.

Although it is true that, on an appeal from a final decree in a suit in equity, where all the evidence is reported, the case is to be decided by this court upon their own judgment as to the facts, yet, where the evidence is entirely oral, the rule is well settled that the findings of the trial justice are to stand unless shown clearly to have been erroneous.

On an appeal from a decree dismissing a bill in equity by an executor to compel a reconveyance of certain personal property alleged to have been procured by the defendant from the plaintiff's testator by undue influence and because at the time in question the testator was of unsound mind, where the record contained a report of all the evidence, which was oral testimony, and two memoranda of facts found by the judge, this court after a careful study of the evidence found, not only that the findings of the trial judge did not appear to be erroneous, but that they seemed to be overwhelmingly sustained by the evidence.

HAMMOND, J. This is a bill in equity in which the plaintiff, as executor of the will of his father, George A. Sawyer, seeks to recover from the defendant Clark, hereinafter called the defendant, certain personal property transferred to her by the testator in his lifetime. The case was heard in the Superior Court;* and it is

---

* By *Pierce,* J. The report of the testimony filled three hundred and twenty-five pages of the printed record.

before us upon an appeal by the plaintiff from a final decree in favor of the defendants.

At the trial it appeared that in May, 1908, the deceased transferred to the defendant personal property approximating in value the sum of $110,000; and the questions raised by the pleadings and tried were in substance, first, whether at the time of the transfer the deceased was of sound mind, and second, whether he was induced thereto by the undue influence of the defendant.

The judge ordered the bill to be dismissed with costs. At the time he sent down this order, viz., March 29, 1912, he filed a memorandum as follows:

"A very full and careful consideration of the testimony leads me to the conclusion and I therefore find as facts, that George A. Sawyer, considering his age,* was at the time of giving and transferring the property in controversy to his daughter-in-law, of full and sound mental capacity, that in doing as he did he considered the natural claims of his son [the plaintiff in this case] upon his bounty and having such in mind he voluntarily chose because of his love and affection for her to give to her a greater share of his estate than he had given or was to give to his son.

"The suggestion of improper relations existing between Mr. Sawyer and the daughter-in-law finds no support in any trustworthy testimony and I find not that this allegation is not proven but that it is not true.

"The evidence clearly establishes that Mrs. Clark was toward Mr. Sawyer a loving and dutiful daughter and that his conduct toward her was what might reasonably have been expected from a father who appreciated the love and care of a child and was determined to properly reward it.

"Finally, I find that Mrs. Clark in no respect used or exercised any improper or controlling influence or in any manner coerced him to follow a line of conduct which was not laid out by the exercise of his own free will."

Subsequently, but before the formal entry of the final decree, at the request of the plaintiff the judge made certain subsidiary and additional findings, concluding with the following statement: "In finding the foregoing facts I do not intend to change in any

---

* At the time in question George A. Sawyer was eighty-two years of age.

respect the memorandum filed March 29, 1912, but hereby re-affirm the same."

All the evidence is before us. No disputed question of law is involved. The record presents for our consideration only questions of fact, and they are simply the two raised by the pleadings and tried as hereinbefore stated, viz., whether the deceased was at the time of the transfer of sound mind, and whether he was unduly influenced by the defendant.

It is strongly urged by the plaintiff that the general "findings of fact contained in the first and last paragraphs of the" [first] "memorandum filed by the trial judge are inferences of fact from the other findings of fact which he has set out in his report of material facts found, made after the plaintiff's request in due form, and these inferences of fact, upon all the evidence, are to be decided by this court according to its judgment, giving due weight to the findings of fact of the single justice."

It is to be noted, however, that in the second paper the judge has not only passed upon the findings which the plaintiff requested, but has reaffirmed as a part of the second paper the general findings contained in the first. He has in this way clearly indicated that his findings in the first paper were not mere inferences from the findings requested by the plaintiff, but were of themselves independent findings based upon the whole evidence. And even in the absence of such reaffirmation such would be the natural interpretation of the two papers. A reading of the evidence shows conclusively that the findings requested by the plaintiff fail, as might be expected, in many important particulars to touch matters shown in the evidence which have a very material bearing upon the general questions at issue.

It is true, as contended by the plaintiff, that where all the evidence is before this court the case is to be decided by our own judgment as to the facts; but in forming that judgment due weight is to be given to the findings made by the judge who heard the case, and where, as here, the testimony is entirely oral, the well-settled rule is that the findings of the justice are to stand unless shown to be clearly erroneous. *Campbell* v. *Lima*, 212 Mass. 11. And the present case is pre-eminently one for the application of the rule. The defendant who was the person charged with exercising undue influence was subjected to a severe and lengthy

examination, under trying circumstances, by the plaintiff in the presence of the judge.

The general findings of the judge are not inconsistent with any of the subsidiary findings contained in the second paper, and do not appear to be erroneous. On the contrary, upon a careful study of the evidence, they seem to be overwhelmingly sustained by it. We can reach no other result than that reached by him.

*Decree affirmed with costs.*

*A. K. Cohen,* (*H. A. Mintz* with him,) for the plaintiff.

*D. B. Ruggles,* for the defendants.