JOSEPH MATTHEWS & another *vs.* LEO H. DINNER.

Suffolk.   November 15, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mortgage*, Redemption. *Equity Pleading and Practice*, Report of facts found
    by judge, Appeal.

A suit in equity, where the bill contains allegations that the defendant foreclosed a
    mortgage upon premises owned by the plaintiff, himself purchased at the sale in
    foreclosure and afterwards agreed to waive the foreclosure if the plaintiff would
    pay a certain sum as the expenses of the proceedings, and the plaintiff in the bill
    offered to pay the amount due on the mortgage note and the expenses of fore-
    closure and sought redemption, cannot be maintained where the judge finds that,
    after the mortgage was foreclosed and the defendant had purchased at the sale
    but before he had recorded his deed, he agreed with the plaintiff that, if the
    mortgage debt and foreclosure expenses were paid, he would reconvey the
    property to the plaintiff, that it was understood that the payment of the mort-
    gage by the plaintiff would be made within a reasonable time, that the plaintiff
    had paid the expenses of foreclosure, and that more than a reasonable time had
    gone by and that the plaintiff had done nothing about paying the mortgage
    debt.
If, after a judge who heard a suit in equity has voluntarily filed a statement of his
    findings of fact, one of the parties desires further findings on certain details, he
    should ask therefor specifically; and a mere "request" for "a report of the facts
    as found by the court" properly may be denied.

BILL IN EQUITY, filed in the Superior Court on May 17, 1920,
and afterwards amended, alleging in substance that the defendant
had foreclosed a second mortgage upon premises owned by the
plaintiffs without their having received notice of the foreclosure
proceedings and had purchased at the foreclosure sale; that
thereafter the defendant had agreed to waive the alleged fore-
closure upon payment by the plaintiffs of $75, the expenses of the
proceedings, that the $75 had been paid, but that the defendant
had recorded the deed given him at the foreclosure sale.   The
plaintiffs in the bill also alleged willingness to pay the amount
due on the mortgage and the expenses of foreclosure and sought
redemption.

The suit was heard by *Hammond,* J.   On July 10, 1920, he filed a
"statement of findings and order for decree" dismissing the bill.

On July 13, the plaintiffs filed a paper containing merely a "request" for "a report of the facts as found by the court." On July 16, a final decree was entered dismissing the bill and the plaintiffs appealed therefrom on July 29. On August 10, the request for a report of the facts was denied on the ground that the statement of findings of fact already filed had the effect of a report of findings under R. L. c. 159, § 23. From the last order, the plaintiffs appealed on August 26, 1920.

*A. L. Richards*, for the plaintiffs.

*S. H. Davis*, for the defendant.

DE COURCY, J. On October 15, 1919, the plaintiffs mortgaged to the defendant their three-family house and lot for $1,100, subject to a prior mortgage to a co-operative bank for $3,200. The trial judge found that in February, 1920, they were in default in payments due under both mortgages and for unpaid taxes; and the defendant began foreclosure proceedings. The subsequent events are summarized in the judge's findings as follows: "I find that, after the defendant began to foreclose by advertising the property for sale, he agreed with the plaintiff's sister that if certain specific payments were made on specified dates and the expenses of the foreclosure sale were also paid, he would let the mortgage go on; that those payments were not made and the defendant proceeded, after adjourning the sale a month, to sell the property at foreclosure sale and to buy it in; that after he had bought it in and before he had recorded the deed he told the plaintiff, Mrs. Matthews, if she would pay the amount of the mortgage and the foreclosure expenses, amounting to $75 ($25 of which had already been paid), he would reconvey the property to her. I further find that she did thereafter pay the balance of the foreclosure expenses, amounting in all to $75, but that she did nothing about paying the mortgage. I further find that it was understood that the mortgage was to be paid within a reasonable time, and that more than a reasonable time has gone by, and the plaintiff has not done anything about paying the mortgage."

The evidence is not before us, and these findings dispose of the case on its merits. The plaintiffs had no right to redeem after the foreclosure sale. R. L. c. 187, § 18. *Way* v. *Mullet*, 143 Mass. 49. Without considering the application of the statute of frauds, the promise to reconvey was on condition that the plaintiffs should

pay the amount of the mortgage within a reasonable time, and this they have not done.

Finally, the findings voluntarily filed by the judge stand on the same footing as a report of facts made under R. L. c. 159, § 23. *Howe* v. *Howe*, 199 Mass. 598, 601. If the plaintiffs deemed such minor details as the form of the advertisement and the newspaper in which it was published to be material in the case, and desired specific findings thereon, they should have specially requested them.

*Decree affirmed.*