MYER BERMAN *vs.* DANIEL H. COAKLEY.

Suffolk.    December 3, 4, 1925. — October 13, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, & SANDERSON, JJ.

*Equity Pleading and Practice*, Appeal, Findings of fact by trial judge. *Time. Evidence*, Presumptions and burden of proof. *Conspiracy. Attorney at Law.*

A statement of findings of fact by a judge who heard a suit in equity has the same effect as a "report [of] the material facts" found by him, filed after a request by an appealing party pursuant to G. L. c. 214, § 23, and, after having filed such a statement, the judge is not required to comply with a request made in writing within four days for findings of facts specified in the request.

A Lord's day is excluded in the computing of the four days within which a request for findings of fact may be made under G. L. c. 214, § 23.

Upon an appeal from a final decree entered after a hearing of a suit in equity, where the evidence was given orally and was taken under Equity Rule 35 (1905), G. L. c. 214, § 24, and the judge filed a statement of facts found by him, the evidence must be examined and the case decided according to the judgment of this court as to the facts, giving due weight to the findings of the judge; and his decision will not be overturned unless plainly wrong.

A suit in equity was brought by a client against one who formerly was his attorney for an accounting as to sums of money paid by the plaintiff to the defendant as his attorney because, as alleged, the defendant conspired with another attorney to cheat and defraud the plaintiff by suppressing or feigning to suppress a charge made, as a part of the conspiracy, against the plaintiff to the district attorney by a husband to the effect that the plaintiff as proprietor of a hotel had suffered the wife of the complaining husband to resort to the plaintiff's hotel for purposes of unlawful sexual intercourse.  The suit was heard by a judge upon oral testimony reported under Equity Rule 35 (1905), G. L. c. 214, § 24. Upon all other facts than the payment of the money by the plaintiff to the defendant as the plaintiff's attorney, the testimony was in conflict. The judge found that the testimony of two witnesses, one of them the plaintiff, upon which the plaintiff's case in the main was founded, was "absolutely unreliable." There were inconsistencies in the evidence for the defendant and improbabilities in his testimony.  A final decree was entered dismissing the bill.  The plaintiff appealed.  *Held,* that

(1) The printed record did not quite warrant a ruling that the material findings by the trial judge were plainly wrong so far as they depended upon the uncorroborated evidence of the defendant;

(2) The inconsistencies in the defendant's evidence and improbabilities in his testimony did not require as a matter of law an overturning of the judge's findings;

(3) The findings by the judge could not be pronounced plainly wrong as a matter of law.

The defendant in the suit above described was one of those found to have participated in the conspiracies which were the basis of the proceedings and judgments in *Attorney General* v. *Tufts,* 239 Mass. 458, and *Attorney General* v. *Pelletier,* 240 Mass. 264, and *it was stated* that nothing stated in this decision in any degree impaired the force of those judgments.

A denial of a petition for a rehearing of the suit above described by reason of alleged newly discovered evidence was *held* not to have shown reversible error as a matter of law.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 6, 1922, against one who formerly had been employed as an attorney at law by the plaintiff, seeking an accounting and a repayment of sums alleged to have been procured extortionately by the defendant from the plaintiff for the purpose of preventing indictments.

The suit previously was before this court when a demurrer to the bill was ordered overruled by a decision reported in 243 Mass. 348.

The suit then was transferred to the Superior Court for hearing and there was heard by *Wait,* J., then a judge of that court. Upon his appointment as a member of this court on December 19, 1923, the suit was returned to this court and, on January 8, 1924, the single justice filed the statement of findings described in the opinion. A petition for rehearing was filed by the plaintiff on May 26, 1924, an affidavit in support thereof was filed on October 30, 1924, and a counter affidavit by the defendant was filed on November 13, 1924. An interlocutory decree denying the petition was entered on December 19, 1924, and a final decree dismissing the bill was entered on February 7, 1925.

On February 12, 1925, the plaintiff filed the "Request for Report of Material Facts" described in the opinion. The plaintiff appealed from the decree and from the judge's order upon the request for a report of material facts.

*W. H. Garland,* for the plaintiff.

*T. H. Mahoney,* (*P. J. Delaney* with him,) for the defendant.

RUGG, C.J. This is a suit in equity by a client against one who formerly was his attorney for an accounting as to

sums of money paid by the plaintiff to the defendant as his attorney because, as alleged, the latter conspired with one Corcoran to cheat and defraud the plaintiff by suppressing or feigning to suppress a charge made, as a part of the conspiracy, against the plaintiff to the district attorney by a husband to the effect that the plaintiff as proprietor of a hotel had suffered the wife of the complaining husband to resort to the plaintiff's hotel for purposes of unlawful sexual intercourse. The allegations of the bill are set out more at length in 243 Mass. 348, when the case was here upon the bill and demurrer. It there was held that the bill set out a cause of action in equity and the demurrer was overruled. The case then came on for trial on the merits. The single justice made in writing findings of facts. The plaintiff's appeal from a final decree dismissing the bill brings the case here.

The findings of the judge were filed voluntarily in accordance with the practice approved in *Cohen* v. *Nagle,* 190 Mass. 4, 5. They have the same effect as a "report [of] the material facts found by" the trial judge pursuant to G. L. c. 214, § 23. *Howe* v. *Howe,* 199 Mass. 598, 601. *Taylor* v. *Jones,* 242 Mass. 210, 216.

The plaintiff, however, requested a finding of material facts in accordance with G. L. c. 214, § 23. This request included subsidiary requests for findings of certain specified facts. This request was filed within four days after the entry of the final decree, as required by said § 23, because, although five calendar days had elapsed, one of these days was a Sunday, which is excluded in the computation of a time less than a week. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163. In response to this request the single justice referred to his findings previously filed as a report of the material facts and declined to make the findings specified in the request. In this there was no error. Such a report "is in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made." *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. This is not a report of the evidence. It merely states certain facts material in the thought of the

judge and commonly also his decision. The only question presented on this aspect of the case is whether the specific facts stated can stand, the evidence being reported, and are inconsistent with the general conclusion reached. *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110. The report contemplated by the statute being of this nature, plainly the trial court cannot be required to make findings of specified facts. While there is no impropriety in appropriate instances in making requests for such findings, *Matthews* v. *Dinner,* 237 Mass. 153, a trial judge in conformity to the statute reports only facts material to the decision in conditions like the present.

The case is before us on an appeal from a final decree upon the findings of material facts made by the single justice with a full report of all the evidence. The evidence was principally the testimony of numerous witnesses given orally in the presence of the single justice. The duty of this court in these circumstances is settled and has been stated frequently. The evidence must be examined and the case decided according to the judgment of this court as to the facts, giving due weight to the findings of the judge; but his decision will not be overturned unless plainly wrong. The presumption in favor of the correctness of the decree appealed from and of the findings of fact made is peculiarly strong, because "the judge who hears the testimony from the mouths of the witnesses . . . has better means of weighing the credibility of their conflicting statements than the full court can possibly have upon the printed record of their testimony." *Reed* v. *Reed,* 114 Mass. 372, 373. *Lindsey* v. *Bird,* 193 Mass. 200, 201. *Sawyer* v. *Clark,* 214 Mass. 124, 126. *Rubenstein* v. *Lottow,* 220 Mass. 156, 165. *Corkery* v. *Dorsey,* 223 Mass. 97, 100. *Glazier* v. *Everett,* 224 Mass. 184, 186. *Martell* v. *Dorey,* 235 Mass. 35, 40. The question to be decided is not what the opinion of the full court might be as to the facts on the printed record alone, but whether it can rightly be said that the findings made by the judge who saw the witnesses and heard them testify is plainly wrong. That is the problem raised on the present record.

The parties are in agreement to the effect that two payments aggregating $50,000 were made to the defendant in his capacity as attorney for the plaintiff. Upon all other vital points in issue the testimony is in great conflict. The further findings of the single justice in brief are that the plaintiff's hotel, in which the plaintiff was owner of a two-thirds interest and was an active manager and on the premises during a large part of every day, was a liquor store and a house of prostitution and so bad as to merit the characterizations, "this sink of iniquity" and "gold mine." Two hotel registers were kept: one in sight, where were registered the names only of such numbers of persons as might be thought lawfully to resort to the hotel to hire rooms in the ordinary course of a hotel business; and the other, called the "underneath register" because kept underneath the desk or counter, in which were entered names of persons in such numbers for each day covering long periods of time as to demonstrate that the rooms must have been used for purposes of prostitution. Of these facts the plaintiff had full knowledge. The district attorney sent for and obtained this "underneath register" in October, 1916, and thus was in possession of evidence of a nature to form the basis of proceedings not only of a criminal nature but also such as might well result in the revocation of the licenses to sell liquor and to be an innholder. The plaintiff immediately consulted the defendant as attorney. A conference was held in the office of the latter. The plaintiff, his partner, another person interested in the prosperity of the hotel business, the defendant and one Corcoran were present. Corcoran, who then was district attorney for the northern district, pretending to represent the injured husband, demanded a large sum of money. The plaintiff was "very excited," and himself made offers of settlement to or in the presence of Corcoran. Thirty-five thousand dollars, agreed upon as the price of settlement, was advanced by the defendant upon the security of a note of the plaintiff and others and later repaid to the defendant. The defendant, admitting the receipt of this sum, contended that he had paid it over to a person purporting to be the injured husband in

accordance with the terms of settlement known to and approved by the plaintiff. The finding is that ultimately "all the money came from the hotel," in which the plaintiff was a two-thirds partner. The defendant admits the receipt of the further sum of $15,000 in 1917, but contends that this was willingly, intentionally and intelligently paid to him for services rendered by him to the plaintiff, to his son, and to the partner of the plaintiff in the hotel. There is a finding that "The testimony of Myer Berman and of Samuel E. Berman is absolutely unreliable." The plaintiff's case in the main was founded upon the testimony of these two witnesses. The facts found need not be further narrated.

It is manifest that the findings rest chiefly upon the conclusion that the testimony by which the plaintiff's case was supported was not believed by the single justice. It is the simple case where testimony is discredited. There is no documentary evidence, nor are there admitted or irrefutable facts which permit us under the governing rule of law heretofore stated, by which we are bound, to say that the single justice was plainly wrong in thus refusing to give credibility to the testimony offered to support the plaintiff's case by witnesses connected with or interested in a place of criminal resort such as the plaintiff's hotel. The theory of the plaintiff's bill and the purport of his testimony was that this large sum of money had been extorted from him by a conspiracy, to which the defendant was a party, to blackmail him. Where in a case of that nature the testimony in behalf of the plaintiff is found to be "absolutely unreliable," it is a short step to a finding against his contentions as a whole. There is a particular finding to the effect that "it was fear of what might come from a perusal of this book [the underneath register] by an unfriendly eye, and not fear of an immediate indictment" which led the plaintiff to pay the $35,000.

The plaintiff has argued at length improbabilities in the testimony of the defendant and the likelihood that it was untrue. This was a matter primarily for the trial court. The printed record does not quite warrant us in pronouncing plainly wrong the material findings made by the trial judge so far as they depend upon the uncorroborated evidence

of the defendant. There are inconsistencies in the evidence for the defendant and there are improbabilities in his testimony. These do not require an overturning of the findings when the utter disbelief by the trial court of the testimony of the plaintiff is borne in mind. This point is governed by *Lindsey* v. *Bird*, 193 Mass. 200, 202.

The plaintiff has said in his brief that "The single justice made these findings after the full court, following two public trials of wide renown, had unanimously found that the defendant Coakley had been party to a number of glaring conspiracies to extort money," citing *Attorney General* v. *Tufts*, 239 Mass. 458, and *Attorney General* v. *Pelletier*, 240 Mass. 264. Those decisions of course stand as authoritative and final. Nothing here decided in any degree impairs their force. Those decisions were not made in criminal proceedings and the defendant was not a party to them, although some matters which concerned him were there under inquiry. Manifestly the records in those cases were not admissible to affect the credibility of the defendant. They were not offered in evidence, although reference was made to them during the taking of testimony. Even if it be assumed that the trial justice ought to have taken cognizance of them, they do not show that his findings are plainly wrong. Such a person as the defendant there appeared to be may be found to have told the truth.

The peculiar circumstances under which these sums of money were paid to the defendant in his capacity as attorney for the plaintiff were such as to place upon him the burden of proving that his use of them was in good faith, in accordance with instructions of the plaintiff, or in the interest of the plaintiff, and that his conduct was in all respects fair and equitable. The principles declared in *Hill* v. *Hall*, 191 Mass. 253, with a review of authorities, *Kelly* v. *Allin*, 212 Mass. 327, and *Manheim* v. *Woods*, 213 Mass. 537, are applicable. The findings by the single justice, made in recognition of that burden resting on the defendant, are against the plaintiff. These were pure questions of fact depending upon the credibility of witnesses testifying orally. If the testimony of the defendant be believed, that burden

of proof was sustained. It would be improper to say what decision would be made upon the printed evidence, if there were no findings of fact by the judge who saw the witness. It can only be said that, giving to the findings the weight required by law, they cannot be pronounced plainly wrong.

After the filing of the findings of fact and the order for a final decree dismissing the bill, the plaintiff filed a petition for a rehearing based upon newly discovered evidence. There was a hearing upon this petition and several witnesses testified, apparently as fully as desired except that the court refused to delay the hearing further in order to permit a handwriting expert to make examination of an original document, he having already examined a photostatic copy of it. The single justice stated in substance that further testimony by the expert, in view of what he had already testified, would not affect his decision as to the essential issues. Considering all that occurred at the hearing, there was no reversible error in the denial of this petition.

*Interlocutory order, interlocutory decree and final decree affirmed.*