NATHAN LEVIN & another *vs.* THE CENTURY INDEMNITY COMPANY & others.

Norfolk.   April 6, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Bond,* Of indemnity. *Contract,* Construction, In writing. *Mortgage,* Of real estate: foreclosure. *Evidence,* Extrinsic affecting writing. *Words,* "Foreclosure."

The terms of a bond given to the holder of a mortgage of land and indemnifying him against loss occasioned by "a legal foreclosure" of the mortgage "within one . . . year from the date of this bond," were not ambiguous and plainly contemplated a foreclosure completed within such year; and therefore the obligor was not liable on the bond for loss suffered by the mortgagee through a sale in foreclosure proceedings in which the only act done within such year was the first publication of a notice of the sale.

CONTRACT.   Writ dated May 15, 1931.

The declaration is described in the opinion.   In the Superior Court, the defendants demurred.   The demurrer was heard by *Fosdick,* J., and was ordered sustained.   The plaintiffs appealed.

*N. A. Heller,* for the plaintiffs.

*E. Field,* (*H. A. Buck* with him,) for the defendants.

DONAHUE, J.   The defendants have demurred to the plaintiffs' amended declaration in an action of contract. The declaration asserts the liability of the defendants Goldenberg and Guiney as principals, and the defendant The Century Indemnity Company as surety on a bond dated March 25, 1930.   The condition of the bond is: "That in case of the foreclosure of mortgage hereinafter mentioned by the above-named Nathan Levin and Israel M. Levin within one (1) year from the date of this bond, said Harold M. Goldenberg and/or Joseph Guiney shall pay to the said Nathan Levin and Israel M. Levin any loss not exceeding FIVE THOUSAND AND NO/100 ($5000.00) Dollars, occasioned by a legal foreclosure of a certain mort-

gage which is dated April 17, 1929, and recorded with Middlesex South District Deeds, Book 5345, Page 175, and the proceeds from such sale shall not be sufficient to pay the balance due upon said mortgage which has or is to be extended for one (1) year from March 21, 1930; then the above written obligation shall be null and void; otherwise it shall remain in full force and virtue." The declaration, in substance, recites that there were negotiations between the plaintiffs, who held a first mortgage, and the defendants Goldenberg and Guiney, who held a second mortgage, on certain real estate in Cambridge; that on March 28, 1930, an arrangement was entered into whereby the title to the real estate was to be acquired by trustees for creditors of the mortgagor under a declaration of trust, the plaintiffs were to extend their mortgage for one year from March 21, 1930, and were to receive a surety company bond "indemnifying them to the extent of $5,000 for loss on the foreclosure of said mortgage instituted within one year from the date of the bond"; that on the same day, pursuant to the arrangement, the trustees for the creditors acquired title to the real estate, the plaintiffs and the trustees signed an extension of the first mortgage for one year from March 21, 1930, and the defendants delivered to the plaintiffs the bond, copies of the extension of the mortgage and of the bond being annexed to the declaration. The declaration further avers that "the purpose of said bond was to secure the plaintiffs to the extent of $5000 against loss on the first mortgage in the event that foreclosure proceedings were commenced within one year from the date of the bond; that the parties intended in said bond to so provide, and that said bond did in fact so provide." Further averments in the declaration are that breaches of the conditions of the plaintiffs' mortgage as extended occurred in February and March, 1931, by the failure of the owners to pay certain monthly instalment payments on account of principal, interest and taxes according to the provisions of the extension of the mortgage; that the plaintiffs on March 21, 1931, commenced foreclosure proceedings under the power of sale in the mortgage by publication of notice of sale and

completed the proceedings after a sale held on April 14, 1931, by recording the foreclosure deed to themselves on May 13, 1931, a copy of the foreclosure deed being annexed to the declaration; that upon the foreclosure of the mortgage a loss resulted to the plaintiffs in excess of the penal sum of the bond and that the defendants have committed a breach of the condition of the bond by refusal to pay the loss and now owe the plaintiffs the sum of $5,000, the penal sum of the bond.

The plaintiffs started their foreclosure proceedings on March 21, 1931, by making the first publication of notice of the foreclosure sale. That was within one year from the date of the bond. The other two publications were made and the foreclosure sale was held after the period of one year from the date of the bond. The contention of the plaintiffs is that the language of the bond should be construed to mean that if foreclosure proceedings are begun within one year from the date of the bond, the defendants are liable for any loss appearing at the completion of the proceedings after that one year period.

The construction of the bond is for the court. The plaintiffs having brought suit on the instrument as made, not seeking reformation on the grounds of fraud or mistake, the process of construction by the court begins with the determination whether the language used expresses a meaning which is plain and unambiguous. "If the words used in the contract are plain and free from ambiguity, they must be construed in their usual and ordinary sense." *Morse* v. *Boston*, 260 Mass. 255, 262. "It is only when the meaning of the written instrument is not plain, or becomes doubtful in its application to the particular transaction, that extraneous evidence is admissible to explain the significance of terms used or to show the relations and methods of the parties in the light of which their written words are to be interpreted." *Snider* v. *Deban*, 249 Mass. 59, 61. Where the language used expresses a plain meaning which is applicable to the particular transaction "The contract cannot be construed as meaning something different from what the parties intended as expressed by the language

they saw fit to employ." *Farber* v. *Mutual Life Ins. Co. of New York*, 250 Mass. 250, 253. The bond given by the defendants and accepted by the plaintiffs not only provides a limited liability for loss in the event that the plaintiffs should foreclose their mortgage but also limits the time within which a foreclosure of the mortgage should impose any liability on the principals and their surety. This is expressed in the words "in case of the foreclosure . . . within one . . . year from the date of this bond." The foreclosure of a mortgage in the natural and common usage of words means a termination of all rights of the mortgagor or his grantee in the property covered by the mortgage. In its essential meaning the word "foreclosure" imports definiteness in point of time as well as finality of consequence. In the common usage of words it denotes not the beginning, but the end, of a procedure adopted by the mortgagee to bar perpetually the rights of the mortgagor. Our mortgage statutes use the word "foreclosure" and its derivatives in this sense. Possession obtained by entry or by action "if continued peaceably for three years, shall forever foreclose the right of redemption." G. L. c. 244, § 1. Under a power of sale in a mortgage "no sale . . . shall be effectual to foreclose a mortgage" unless notice has been published. G. L. c. 244, § 14. The plaintiffs in their published notice of mortgagee's sale recited that the sale was "for the purpose of foreclosing" their mortgage. This is the form suggested though not required by the statute, G. L. c. 244, § 14. In decisions of this court the word "foreclosure" is commonly used to mean the sale itself rather than the steps preliminary to the sale. *Way* v. *Mullett*, 143 Mass. 49, 52. *Fitchburg Co-operative Bank* v. *Normandin*, 236 Mass. 332, 335. *Phillips* v. *Vorenberg*, 259 Mass. 46, 67. *Pabujian* v. *Pabujian*, 266 Mass. 403, 406. The words of the bond taken in their usual and ordinary meaning are not ambiguous or uncertain. Read as a whole the instrument expresses a meaning which is plain and not doubtful in its application to the transaction. The plaintiffs accepted a bond by the terms of which they did not impose a liability upon the defendants by merely

beginning foreclosure proceedings within a year from its date. Having brought suit upon it they cannot nullify it by contradicting evidence of precedent negotiations. *Malaguti* v. *Rosen*, 262 Mass. 555, 560.

*Order sustaining demurrer affirmed.*