ARTHUR BERENSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91144.   Promulgated January 10, 1939.

*Arthur Berenson, Esq.*, pro se.
*Bernard D. Daniels, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: On his return for 1935 the petitioner deducted a loss of $22,000 in respect of the second mortgage described in the find-

ings. The Commissioner disallowed the deduction and the petitioner now claims it as a bad debt. The two categories of deduction are mutually exclusive, *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. It does not appear anywhere in the record how the amount of $22,000 is arrived at, but, since there is no basis for the deduction in any event, this may be passed over. The petitioner's contention, if we understand it correctly, is that the property securing his second mortgage was sold in foreclosure of the first mortgage in December 1934; that since there was a right of redemption for a year his security was not abolished until 1935; and hence that it was not until 1935 that he felt the impact of the worthlessness of the debt represented by the $125,000 note.

The sale of realty for taxes has been held to result in loss to the owner deductible in the year when the redemption period expires, *Frederick Krauss*, 30 B. T. A. 62; *Herman M. Rhodes*, 34 B. T. A. 212 (on review, C. C. A., 6th Cir.), and the same doctrine has been applied in determining the year of deduction available to an owner of real estate sold upon foreclosure, *J. C. Hawkins*, 34 B. T. A. 918; affd., 91 Fed. (2d) 354; *Derby Realty Corporation*, 35 B. T. A. 335; dismissed, 92 Fed. (2d) 999. This principle, however, has no application to petitioner, for he was not the owner of the foreclosed property and so far as the record shows he still held the $125,000 note, which may have been worth the full amount of the loan. The mere fact that the security of the second mortgage fell before the foreclosure of the first mortgage was not determinative of the worthlessness of the obligation which it secured.

But, assuming with petitioner that the worthlessness of the second mortgage carried with it the worthlessness of the secured note, this clearly occurred in 1934, when the mortgaged property passed to the first mortgagee pursuant to the power of sale contained in the mortgage, ch. 244, General Laws of Massachusetts, 1932, sec. 18, for the mortgagor "had no right to redeem after the foreclosure sale." *Matthews* v. *Dinner*, 237 Mass. 153; 129 N. E. 394; *Levin* v. *Century Indemnity Co.*, 279 Mass. 256; 181 N. E. 223; *Beal* v. *Attleboro Sav. Bank*, 248 Mass. 342; 142 N. E. 789; *Way* v. *Mullet*, 143 Mass. 49; 8 N. E. 881. We are not to say, as petitioner with some confusion urges, that the foreclosure sale was less conclusive than on its face and on this record it appears to be, because of some controversy carried on by petitioner with the bank as to whether it would hold him liable as endorser on the first mortgage note in excess of $10,000.

The Commissioner correctly disallowed the deduction taken for $22,000, and since this is the only item of the Commissioner's determination which the petition assails, the deficiency must be sustained.

*Decision will be entered for the respondent.*