*Northern District*

No. 4773

**VICTOR CORNONI et al**

v.

**PERINA J. DELORY d-b-a
BONDED ROOFING & MODERNIZING CO.**

*Eno, J.* This is an action of contract, with a declaration containing two counts, by which the plaintiffs seek to recover on the express and/or implied warranty of the defendant to furnish them with "all aluminum" screen and storm windows according to a written agreement, said windows not being "all aluminum" and subsequently becoming rusted. The answer of the defendant was a general denial.

At the trial there was evidence tending to show that the plaintiffs were shown a model window by the saleswoman of the defendant, who represented to them that they were "all aluminum", that the plaintiffs complained of excessive dampness in their house; that they examined the model; that it appeared good and seemed to work well and that consequently they ordered nine of the windows, described in the written agreement as "9 Lighthouse All Aluminum Combination Storm & Screen Windows" for which they agreed to pay after completion of their installation the sum of $250.00.

The windows were subsequently delivered and installed and the plaintiffs paid the defendant the agreed price.

Sometime later the plaintiffs noticed that the windows began to show rust and so notified the defendant, who removed the windows and removed the rust therefrom. Subsequently the windows again developed rust and the defendant declined to do anything further to remedy the situation.

Both the defendant and the saleswoman testified that the windows were not "all aluminum", that they knew this at the time of the sale, but did not mention it to the plaintiffs.

They were permitted to testify as experts, over the objections of the plaintiffs, that the portion of the window called the spline (which rusted) could not bemade of aluminum for "various technical reasons of construction limitations of the physical properties of aluminum . . . the windows had to have a spline of some other metal than aluminum and . . . some splines are made of rubber."

They were also permitted to testify, over the objections of the plaintiffs, that aluminum could not be used for the spline because it was too rigid and could not be removed easily and that it had no spring quality."

Since the plaintiffs failed to comply with Rule 27 of the District Court Rules in not claiming a report on the admission of this evidence, within five days of its admission, this matter is not reviewable. Furthermore, in our opinion, the admission of this evidence is immaterial, especially in view of the defendant's admission that the screens were not "all aluminum" and that he and his saleswoman knew this before the sale and did not so inform the plaintiffs.

The plaintiffs filed the following requests for rulings which the trial judge denied:

"1. That as a matter of law the terms all aluminum as used in the contract alleged means the windows were not to be made of a ferrous material.

6. The use of the words "all aluminum" in the alleged contract is a specific written warranty that the storm and screen windows would be made of all aluminum.

3. That upon all the evidence, the plaintiffs relied upon the defendant's representation that the windows were all aluminum and did not rely upon and believe

or understand that the name "Lighthouse" meant all aluminum.

9. That on the evidence of the defendant's answers to the plaintiffs' interrogatories numbered 8, 9, and 10, that the frames and inserts were supposed to be aluminum, taken together with evidence that the frames attract a magnet and that the frames were rusted, as a matter of law the defendant did not supply storm and screen windows as ordered by the plaintiffs.

10. That if the windows were not all aluminum, the windows had no market value as aluminum storm and screen windows.

13. That on the uncontroverted evidence by the answers given by the defendant to the plaintiffs' interrogatories Nos. 4, 5, 6, 8, 9, 10, and 13, as a matter of law there was a contract between the plaintiffs and the defendant for the plaintiffs to pay a consideration which they did pay, and for the defendant to furnish and install nine "Lighthouse all aluminum storm and screen windows" on the plaintiffs' house.

14. That if the court finds as a fact or as a matter of law, the storm and screen windows inserts are not made of aluminum, as a matter of law the plaintiffs are entitled to recover.

15. That on testimony of Mrs. Crumpacker that she had knowledge of the fact the spline was not made of aluminum at the time of the sale, is conclusive evidence of breach of contract to supply all aluminum windows."

## The trial judge found the following facts:

"The Plaintiff, Victor Cornoni, and the Defendant entered into a contract incorporated by reference as Exhibit 1, whereby the Defendant agreed to install combination storm and screen windows for the Plaintiffs. The windows were installed and had been paid for in full. After the windows had been installed, certain complaints arose and were taken care of by the defendant. There were continued complaints concerning the fact that rust formed around parts of the storm windows. The rust came from strips of metal other than aluminum which held the glass in place, said

strips being referred to as splines. It was admitted that the so called splines were not made of aluminum but were made of a metal which contained iron and rusted.

The Plaintiffs purchased these windows from samples. The samples shown him were made the same as the windows which were installed, having splines made out of metal containing material which rusted.

The date the order was taken by the Defendant's agent, the Defendant knew that the splines were not made of aluminum. This fact was not disclosed to the Plaintiffs.

All storm windows of this so called aluminum type have splines made of metal other than aluminum. It is impossible to make them out of aluminum as aluminum is too brittle. One of the windows was offered in evidence and is incorporated by reference as Exhibit 2. The windows were not all aluminum but contained aluminum frames, glass windows, and splines made of a metal other than aluminum,"

and found for the defendant.

The report states that it contains all the evidence material to the questions reported.

The question fairly raised by the plaintiffs' requests for rulings is whether one is liable for a breach of warranty, express or implied, by delivering storm windows which he knew were not "all aluminum", when the contract called for them to be "all aluminum", without making known that fact.

One of the windows which had been used as an exhibit at the trial and incorporated in the report as exhibit 2, was shown to us. We could readily see that the so-called spline was colored to resemble aluminum, and that part of the window was practically all rusted.

We think there was prejudicial error in the denial of plaintiffs' requests for rulings numbered 1, 6, 8, 9, and 13.

The contract was introduced in evidence as exhibit 1 and shows that the plaintiffs ordered the windows as "all aluminum". While only the name of the

plaintiff husband appears to have signed the contract, the names of both plaintiffs appear at the top as the purchasers. It could be found that he signed for himself and his wife. See *Kurriss v. Conrad*, 312 Mass. 670, 674. It is accepted in the firm name of the defendant by the saleswoman, who testified as an expert for him. Furthermore the defendant admitted by his answers to plaintiffs' interrogatories that such a contract was made, that the windows were delivered, and were paid for. Therefore, request number 13 should have been granted.

As to the other requests it is evident that the plaintiffs did not receive the "all aluminum" windows which they bought and paid for.

The trial judge has found that they purchased them from a sample which was shown to them and which "had splines made out of metal containing material which rusted". But the trial judge overlooked the most important fact that this spline was colored to resemble aluminum and therefore an ordinary inspection would not disclose that it was a "material which rusted"; that the windows were sold as being "all aluminum"; that the defendant knew that that portion of the windows, at least, was not aluminum and that he did not disclose it to the plaintiffs.

Under the circumstances the plaintiffs could not reasonably be expected to have ascertained that there were two kinds of metal used in the windows' construction. This being so, they were not bound by such hidden or undetermined characteristics which was not obvious to an ordinary person on inspection. *Proctor et al v. Atlantic Fish Companies, Ltd.*, 208 Mass. 351, 354; *McCabe v. Ligget Drug Co., Inc.*, 330 Mass. 177; *Flynn v. Bedell Co.*, 242 Mass. 450.

As the plaintiffs state in their brief they "may rely on their own judgment as to some matters (the operation and appearance) and rely on the representation or judgment of the seller (being all aluminum); that is to say, it need not be a total re-

liance on the part of the buyer to establish an implied warranty." *Kurris v. Conrad & Co.*, 312 Mass. 670.

The words "all aluminum" in the written contract were "plain and unambiguous and are to be construed according to the common and approved usage of the language, that is, in their usual and ordinary sense." G. L. (Ter. Ed.) c. 4, s. 6, Third; *Morse v. Boston*, 260 Mass. 255, 262; *Levin v. Century Indemnity Co.*, 279 Mass. 256, 258, *Whittaker v. Brookline*, 318 Mass. 19, 23.

We are of the opinion that in the case at bar there was a sale by description within the provisions of G. L. (Ter. Ed.) c. 106, §6, that:

"Where there is a contract to sell, or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if they do not also correspond with the description."

As in the case of *Agoos Kid Co., Inc., v. Blumenthal Import Co.*, 282 Mass. 1, at 7 the contract in the instant case was "for a sale of goods by description and there was an implied warranty that they would correspond with the description."

The plaintiff did not buy storm windows with the splines of a ferrous metal which could rust, but all aluminum windows which would not rust. They did not get what they ordered.

Because of the foregoing we think there was prejudicial error also in denying plaintiffs' requests for rulings 1, 6, 8, 9, and 10.

The finding for the defendant is, therefore, to be vacated and the case remanded for a new trial.

Robert L. MacGregory, for the plaintiff.

Albert E. Morris, for the defendant.