PETRICCA CONSTRUCTION COMPANY *vs.* COMMONWEALTH. March 11, 1982. The plaintiff alleged in its complaint that it had entered into a contract with the Commonwealth to construct a dam and because of the lateness of periodic monthly payments, it was owed interest. Judgment was entered for the Commonwealth and the plaintiff has appealed, raising three issues: (1) whether the judge erred in ruling that the provisions of the contract pertaining to periodic payments were ambiguous so as to permit the introduction of parol evidence, (2) whether the parol evidence, if properly admitted, warranted a finding that the plaintiff was aware that payments would not be made monthly, (3) whether the plaintiff was entitled to interest on late payments in the absence of any specific reference in the contract to interest. We find no error.

1. The judge properly ruled that paragraph 7(b) of the contract concerning periodic monthly payments was ambiguous and admitted parol evidence to explain it. When the meaning of a written instrument is not plain, or becomes doubtful in its application to the particular transaction, extraneous evidence is admissible "to explain the significance of terms used or to show the relations and methods of the parties in the light of which their written words are to be interpreted." *Levin v. Century Indem. Co.*, 279 Mass. 256, 258 (1932). The ambiguity lies in the word "monthly," and whether it was used in paragraph 7(b) to establish periods for which estimates of work performed would be submitted, as the Commonwealth argued, or to indicate that payment would be made monthly after the approval of the estimates of work performed, as the defendant claims.

2. The judge found that the procedure for payment, including the time required for the payments, had been explained to an agent for the plaintiff prior to a bid being entered and that the plaintiff entered into the contract knowing that payments likely would not be made every thirty or thirty-one days after the approval of estimates. The judge based his findings on testimony from an employee of the Commonwealth who conducted a pre-bid meeting which a representative of the plaintiff attended. The prospective bidders were advised that the construction of the dam was a joint venture of the Commonwealth and the Federal government. It was explained that the process of payments included the forwarding of approved estimates of work performed to the Federal government and the subsequent receipt of payment by the Commonwealth. Further, the prospective bidders were informed that the amount of time that would elapse between the date of completion of the work and the date when payment would be made would be one to three months for the first payment and, thereafter, about thirty days after the Commonwealth received the money from the Federal government. The judge's finding was not clearly erroneous within the meaning of Mass.R.Civ.P. 52, 365 Mass. 816-817 (1974).

3. There was no authorization either by statute (G. L. c. 30, § 39G, as amended by St. 1976, c. 506, §§ 1, 3, did not apply to the contract) or under the contract for interest as to late payments. We note that several of the payments were made within thirty days of the receipt of the money by the Commonwealth while others fell outside. The late payments involved a matter of days and not years. Cf. *Charles T. Main, Inc.* v. *Mass. Turnpike Authy.*, 347 Mass. 154 (1964). In the circumstances of the case, there was no improper detention of the money. *Perkins Sch. for the Blind* v. *Rate Setting Commn.*, 383 Mass. 825, 832 (1981).

*Judgment affirmed.*

*Charles E. Schaub, Jr.*, for the plaintiff.

*Edward J. Quinlan*, Assistant Attorney General, for the Commonwealth.