EDWARD J. KATZ, & another vs. JOHN S. BELKO;
HOWARD J. CHRISTIAN, third-party defendant
(and a companion case).

Norfolk. December 9, 1982. — June 20, 1983.

Present: HALE, C.J., ROSE, & PERRETTA, JJ.

Contract, Construction of contract. Evidence, Extrinsic affecting writ-
    ing.

At the trial of an action on a guaranty contained in a written agreement
    for the sale of all the stock in a corporation, where it appeared that the
    guaranty, which was ambiguous on its face, was either modified or
    overridden by an addendum to the agreement, the judge properly ad-
    mitted extrinsic evidence to clarify the ambiguity and aid in construc-
    tion of the agreement as a whole. [180-181]
In an action on a guaranty contained in a written agreement for the sale
    of all the stock in a corporation, the judge did not err in awarding $500
    to one of the sellers on his counterclaim for money due him for his
    shares of stock. [181-182]

CIVIL ACTION commenced in the Superior Court on Janu-
ary 23, 1976.

The case was heard by Forte, J., a District Court judge
sitting under statutory authority.

CIVIL ACTION commenced in the District Court of Eastern
Norfolk on January 7, 1977.

On transfer to the Superior Court the case was heard by
Forte, J., a District Court judge sitting under statutory au-
thority.

Sumner H. Woodrow for Edward J. Katz & another.
Duncan S. Payne for John S. Belko.
Philip E. LaBonte for Thomas J. Giovanniello.
Arthur E. Nicholson, for Howard J. Christian, submitted
a brief.

ROSE, J.   In the case in chief the plaintiffs, Katz and the
Milton Randolph Medical Laboratory, Inc. (the corpora-

tion), brought an action against Belko seeking damages for Belko's alleged failure to fulfil a guaranty provision in a written agreement dated September 27, 1974. It was claimed that the agreement was entered into between Katz as the buyer and Belko, Christian, and one Giovanniello as the sellers. However, Giovanniello denied signing the document, and the trial judge made no finding on whether it was signed by all parties. Under the terms of this alleged agreement the sellers assigned all the stock in the corporation to Katz, and Katz agreed, among other things, to pay each of the sellers $5,000 at the rate of $100 per week for fifty weeks. Belko asserted a counterclaim for $500 claimed to be due from Katz under the agreement, and filed a third-party complaint for contribution against Christian. In the companion case, Giovanniello sued Katz and the corporation for money due for services rendered on behalf of the corporation after Katz had purchased the stock. Katz and the corporation filed a counterclaim in the second action for damages under the guaranty provision of the alleged agreement.[1] Judgment was entered for the defendants in the first action and in favor of Belko on his counterclaim. In the second action, judgment was entered for Giovanniello on his claim for services and against Katz and the corporation on their counterclaim. Katz and the corporation filed timely appeals from the judgments.

The basis of the claim brought by Katz and the corporation in the first action is that pursuant to paragraph seven of the September 27 agreement, the sellers made the following guaranty:

---

[1] Giovanniello set forth a claim in response to the counterclaim alleging that Katz still owed him $500 of the purchase price for his shares of stock, but no finding was made by the trial judge on the issue. Although Giovanniello asserts that the trial judge erred in not awarding him $500 for his claim, he did not file an appeal from the judgment entered below and is not entitled to a more favorable judgment here. *M.L. Shalloo, Inc.* v. *Riccardi & Sons Constr.*, 348 Mass. 682, 684 (1965). *Boston Edison Co.* v. *Boston Redevelopment Authy.*, 374 Mass. 37, 43 n.5 (1977). See also *Turgeon* v. *Turgeon*, 330 Mass. 402, 409 (1953).

"The Sellers further guarantee to the Buyer and to the corporation that the corporation shall continue to participate in a special grant which shall produce a minimum gross income of Two Thousand Dollars ($2,000.00) per month for a minimum of two (2) years from the date of closing."

An addendum to that agreement dated October 1, 1974, contains the following language:

"John S. Belko does hereby sell, assign and convey to Milton Randolph Medical Laboratory, Inc. all of his right, title and interest in and to a certain grant by Squibb Corporation, No.        , to the extent of any and all laboratory services presently being performed by said Laboratory and to any and all future phases of the same grant which he may receive from Squibb."

1. Katz and the corporation cite as error the trial judge's refusal to admit in evidence a photocopy of the agreement dated September 27, 1974. The trial judge found that as to Giovanniello and Christian, "no contract for sale was introduced." However, Belko admitted signing the agreement dated September 27, 1974, containing a guaranty relied upon by Katz and the corporation. Since the trial judge construed that writing in conjunction with the addendum in reaching his conclusion that there was no liability under the agreement, neither Katz nor the corporation was harmed by the exclusion of the photocopy from evidence, and we need not concern ourselves with the evidentiary ruling.

2. Katz and the corporation also allege that the trial judge erred in his construction of the guaranty in the agreement. They contend that the guaranty is unambiguous on its face and is not contradicted or overridden by the addendum. We disagree. The guaranty refers to a "special grant"

and the addendum refers to an unidentified Squibb grant. Therefore, the trial judge correctly admitted extrinsic evidence to identify the grants referred to in the transaction in order to determine that the same grant was involved in both provisions. See *Robert Indus., Inc.* v. *Spence*, 362 Mass. 751, 753-754 (1973); *Petricca Constr. Co.* v. *Commonwealth*, 13 Mass. App. Ct. 981 (1982).

In addition, the agreement dated September 27, 1974, and the addendum must be construed together, and they present an ambiguity since the guaranteed minimum monthly amount mentioned in paragraph seven of the agreement is conceivably inconsistent with the limiting language in the addendum, which mentions no specific minimum amount. See *Burke* v. *Lappin*, 1 Mass. App. Ct. 426, 429-431 (1973). The trial judge correctly allowed extrinsic evidence to determine whether the limiting language in the addendum was meant to modify and clarify paragraph seven of the agreement. *Ryan* v. *Stavros*, 348 Mass. 251, 259 (1964). See *Robert Indus., Inc.* v. *Spence*, 362 Mass. at 753; *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 723-724 (1977); *Jones* v. *Gingras*, 3 Mass. App. Ct. 393, 397 (1975); *Edmonds* v. *United States*, 642 F.2d 877, 881 (1st Cir. 1981). The language in a provision of one writing may be controlled by a provision in another writing when a single transaction is involved. See *Chelsea Indus., Inc.* v. *Florence*, 358 Mass. 50, 55-56 (1970). Extrinsic evidence was introduced to show that the sellers originally refused to sign the agreement for the sale of the corporation because it contained a guaranty which they felt could not be kept. Instead, they executed an addendum to the agreement which conveyed the interest in the Squibb grant to which Belko was entitled. Based upon that evidence, we cannot say that the trial judge erred in his construction of the agreement as a whole.

3. Katz and the corporation also cite as error the fact that the trial judge awarded Belko $500 on his counterclaim in the first action. They rely upon the fact that the judge below denied Belko's motion to amend his original counter-

claim in order to allege a violation of G. L. c. 93A, § 11. However, the original counterclaim set forth a breach of the agreement to pay Belko for his shares of stock, and the judge properly awarded Belko $500 on the counterclaim as it stood at the time of trial.

Because of our holdings above, we need not address the questions whether the corporation could enforce the agreement and whether damages under the guaranty provision were proved with certainty.

*Judgments affirmed.*