JOHN F. WHEELER & another *vs.* A. W. KLAHOLT
& another.

Suffolk.    January 7, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A presiding judge may require a party who has filed exceptions and a motion for a
new trial based on the same questions of law, to elect upon which he will pro-
ceed, and may refuse to hear the motion unless the party waives his exceptions;
but if the judge does not require such election, the fact that the party filing ex-
ceptions has argued the same points of law on a motion for a new trial does not
prevent the allowance of his exceptions.

Goods were shipped by A. to B., an intending purchaser, but after their receipt
the contract of sale was repudiated by both parties.  A. then wrote to B. that
he could keep the goods "at the price you offer if you send us net spot cash at
once.  If you cannot send us cash draft by return mail, please return the goods
to us immediately."  B. sent a draft to A. for the price less four per cent.  A.
returned the draft saying that there was no deduction of four per cent and "if
not satisfactory please return the goods at once by freight" via a certain rail-
road named.  A. heard nothing more until thirty-five days later, when he was
notified by the railroad company that the goods had arrived.  The appearance
of the returned goods showed that they had been handled and somewhat defaced.
*Held*, that there was evidence of a sale to go to a jury, B.'s failure to return the
goods promptly being evidence of an acceptance of A.'s terms although the re-
quirement of immediate payment was not complied with, A. having the right to
waive this if he saw fit.

CONTRACT for the price of certain shoes alleged to have been
sold to the defendants.    Writ dated October 23, 1899.

At the trial in the Superior Court, before *Lawton*, J., it ap-
peared that the defendants had negotiated with an agent of the
plaintiffs for the purchase of the shoes.    As a result of these
negotiations the shoes were shipped by the plaintiffs from Bos-
ton, and on August 9, 1899, were received by the defendants at
their place of business in Springfield, Illinois.    After the shoes
were received by the defendants, it was found that the plaintiffs
and defendants had different understandings as to the terms of the
purchase, and that if there ever had been a contract it was repu-
diated by both the plaintiffs and the defendants after the goods
were received by the defendants upon their premises.    After
the repudiation, and while the goods were on the premises of the
defendants, there was a correspondence between the parties,
which is described in the opinion of the court, in which the

plaintiffs offered to sell at a certain price "spot cash" with the condition that if the offer was not accepted the goods should be returned immediately. The defendants sent a draft for the price less four per cent. The plaintiffs returned the draft, saying that there was no such deduction from the price and "if not satisfactory please return the goods to us immediately." The defendants without replying retained possession of the goods more than a month and then returned them, as more fully stated in the opinion. These facts were relied on by the plaintiffs to prove a sale.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions, raising the question whether there was evidence of a sale to justify the verdict.

The verdict above mentioned was rendered May 23, 1900, and on May 24 the defendants filed a motion for a new trial, alleging, 1, that the verdict was against the law; 2, that the verdict was against the evidence and the weight of evidence.

The motion was heard May 25, and in support of their first reason for asking for a new trial the defendants alleged their requests for rulings and the judge's refusal thereof as shown in the bill of exceptions, and argued the same at length. On June 12, the motion for a new trial was overruled. June 9, the defendants filed their exceptions. At the hearing on the allowance of the bill of exceptions subsequently to June 12, the plaintiffs objected to the allowance of any bill of exceptions on the ground that the defendants, by alleging and arguing at length, at the hearing on the motion for new trial, the same requests and refusals to rule as set out in the bill of exceptions, had waived their exceptions. The defendants had not been at any time required to elect whether they would rely on their motion for a new trial or on their bill of exceptions, and had not waived their rights to their bill unless on the foregoing facts they must be held to have waived them. The judge ruled that the defendants had not waived their rights; and to this ruling the plaintiffs alleged exceptions.

*E. H. Crandell, Jr.*, for the plaintiffs.

*W. F. Kimball*, for the defendants.

HOLMES, C. J. This is an action for the price of one hundred and seventy-four pairs of shoes, and the question raised by the

defendants' exceptions is whether there was any evidence, at the trial, of a purchase by the defendants. The plaintiffs contend that the defendants waived their exceptions by presenting and arguing a motion for a new trial upon the ground, among others, of the proposition of law on which their exceptions are based, they not having filed their exceptions until afterwards. The plaintiffs excepted to a ruling that the defendants had not waived their rights. The judge did not require the defendants to waive their exceptions as a condition of entertaining their motion so far as it went on the same ground, and there is nothing to show that his ruling on this preliminary point was not entirely right. *Anthony* v. *Travis,* 148 Mass. 53, 57.

The evidence of the sale was this. The shoes had been sent to the defendants on the understanding that a bargain had been made. It turned out that the parties disagreed, and if any contract had been made it was repudiated by them both. Then, on September 11, 1899, the plaintiffs wrote to the defendants that they had written to their agent, Young, to inform the defendants that the latter might keep the goods " at the price you offer if you send us net spot cash at once. If you cannot send us cash draft by return mail, please return the goods to us immediately via Wabash & Fitchburg Railroad, otherwise they will go through New York City and it would take three or four weeks to get them." On September 15, the defendants enclosed a draft for the price less four per cent, which they said was the proposition made by Young. On September 18 the plaintiffs replied, returning the draft, saying that there was no deduction of four per cent, and adding, " if not satisfactory please return the goods at once by freight via Wabash & Fitchburg Railroad." This letter was received by the defendants on or before September 20, but the plaintiffs heard nothing more until October 25, when they were notified by the railroad company that the goods were in Boston.

It should be added that when the goods were sent to the defendants they were in good condition, new, fresh and well packed, and that when the plaintiffs opened the returned cases their contents were more or less defaced and some pairs of shoes were gone. It fairly might be inferred that the cases had been opened and the contents tumbled about by the defendants, al-

though whether before or after the plaintiffs' final offer perhaps would be little more than a guess.

Both parties invoke *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, the defendants for the suggestion on p. 197 that a stranger by sending goods to another cannot impose a duty of notification upon him at the risk of finding himself a purchaser against his own will. We are of opinion that this proposition gives the defendants no help. The parties were not strangers to each other. The goods had not been foisted upon the defendants, but were in their custody presumably by their previous assent, at all events by their assent implied by their later conduct. The relations between the parties were so far similar to those in the case cited, that if the plaintiffs' offer had been simply to let the defendants have the shoes at the price named, with an alternative request to send them back at once, as in their letters, the decision would have applied, and a silent retention of the shoes for an unreasonable time would have been an acceptance of the plaintiffs' terms, or, at least would have warranted a finding that it was. See also *Bohn Manuf. Co.* v. *Sawyer,* 169 Mass. 477.

The defendants seek to escape the effect of the foregoing principle, if held applicable, on the ground of the terms offered by the plaintiffs. They say that those terms made it impossible to accept the plaintiffs' offer, or to give the plaintiffs any reasonable ground for understanding that their offer was accepted, otherwise than by promptly forwarding the cash. They say that whatever other liabilities they may have incurred they could not have purported to accept an offer to sell for cash on the spot by simply keeping the goods. But this argument appears to us to take one half of the plaintiffs' proposition with excessive nicety, and to ignore the alternative. Probably the offer could have been accepted and the bargain have been made complete before sending on the cash. At all events we must not forget the alternative, which was the immediate return of the goods.

The evidence warranted a finding that the defendants did not return the goods immediately or within a reasonable time, although subject to a duty in regard to them. The case does not stand as a simple offer to sell for cash received in silence, but as an alternative offer and demand to and upon one who was sub-

ject to a duty to return the goods, allowing him either to buy for cash or to return the shoes at once, followed by a failure on his part to do anything. Under such circumstances a jury would be warranted in finding that a neglect of the duty to return imported an acceptance of the alternative offer to sell, although coupled with a failure to show that promptness on which the plaintiffs had a right to insist if they saw fit, but which they also were at liberty to waive.

*Exceptions overruled.*