TIMES FILM CORPORATION *vs.* COMMISSIONER OF PUBLIC SAFETY.

Suffolk.   May 5, 1955. — July 6, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Constitutional Law,* Freedom of speech, Freedom of the press.   *Lord's Day.   Public Entertainment.   Motion Picture.   Certiorari.   Public Officer.*

*Brattle Films, Inc.* v. *Commissioner of Public Safety, ante,* 58, as to the constitutionality of G. L. (Ter. Ed.) c. 136, § 4, as amended, followed in a proceeding brought by a distributor of motion pictures.

A certiorari proceeding to quash action of a public officer was ordered dismissed without prejudice in view of a decision of this court determinative of the merits in a companion case to which the respondent was a party: it was not to be assumed that he would not govern himself in accordance with that decision.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on March 11, 1955.

The case was reserved and reported by *Counihan,* J., without decision.

*Alfred A. Albert & Felix J. Bilgrey* of New York, for the petitioner.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, (*Arnold H. Salisbury,* Assistant Attorney General, with him,) for the defendant.

WILKINS, J.   On the merits this case is governed by *Brattle Films, Inc.* v. *Commissioner of Public Safety, ante,* 58.   The petitioner, which is a distributor of motion pic-

ture films and the owner of distribution rights in two specified films, brings this petition for a writ of certiorari to quash the action of the respondent in failing to approve in writing the films for exhibition on the Lord's day pursuant to G. L. (Ter. Ed.) c. 136, § 4.[1] The case was reserved and reported without decision by a single justice.

The respondent contends that the only action of his which is here brought into question relates to a mere advisory opinion as to what may be expected in the future. It is suggested that the application contemplated by the statute is one by the particular theatre which intends to exhibit a particular film on a particular Sunday. However that may be, we think that it would be hardly worth while to decide this procedural question. In the *Brattle Films* case we have decided that § 4 is unconstitutional as applied to the facts in that case. That is enough to dispose of the merits of this matter for all practical purposes. It is not to be assumed that the respondent, who is a public officer and a defendant in the *Brattle Films* case, will not carry out his duty under the law. *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 214. *Mayor of Gloucester* v. *City Clerk of Gloucester,* 327 Mass. 460, 464–465. *City Manager of Medford* v. *Civil Service Commission,* 329 Mass. 323, 331.

The petition is to be dismissed without prejudice.

*So ordered.*

---

[1] Later amendments are not material. St. 1945, c. 575. St. 1953, c. 596. St. 1954, c. 303.