OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law,* Opinions of the Justices, Separation of powers. *Governor. Taxation,* Income tax, Corporate excise, Disclosure of information in returns, Commissioner of Corporations and Taxation. *Attorney General. Public Officer.*

The Governor was entitled under art.. 85 of the Amendments of the Massachusetts Constitution to require the opinion of the Justices as to furnishing of certain tax returns by the Commissioner of Corporations and Taxation to the Attorney General, which was the subject of controversy between the two officers; the rendering of the opinion would not infringe the doctrine of separation of powers under art. 30 of the Declaration of Rights. [807–808]

There was no merit in a contention by the Commissioner of Corporations and Taxation that only he had the authority to initiate criminal prosecutions for tax law violations. [808]

Discussion of the functions of the Attorney General. [808–810]

The Commissioner of Corporations and Taxation was not prohibited from complying with a request of the Attorney General that specified tax returns be furnished to him "for the purpose of criminal prosecution[s]" for tax law violations, although no such prosecutions had been commenced. [809, 811]

On October 9, 1968, the Justices submitted the following answer to a question propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The undersigned Justices of the Supreme Judicial Court respectfully submit their answer to the question set forth in your request of July 31, 1968, transmitted to us on the same day.

The request makes these recitals. On May 10, 1968, the Chief of the Criminal Division of the Department of the Attorney General, with the authorization of the Attorney General, sent to the Commissioner of Corporations and Taxation two letters requesting for the purpose of criminal prosecution under G. L. c. 62 and c. 63 that the Massachusetts income tax returns filed respectively by five individuals and three corporations for the years 1963 through 1966, or

photocopies thereof, be delivered at the office of the Criminal Division. Attached to the request are copies of the two letters (exhibits A and B) from which the names of the taxpayers have been deleted.

Attached to the request is a letter of May 17, 1968, from the Commissioner to the Attorney General (exhibit C), which reads in part: "As you know, Section 58 of Chapter 62 and Section 71A of Chapter 63 of the General Laws prohibit the disclosure of any information whatever contained in or set forth by any personal income tax return or corporation excise return, other than to the taxpayer or his agent, except in proceedings to collect the tax or for the purpose of criminal prosecution under said chapters. The Commissioner of Corporations and Taxation is authorized to permit officials of the Federal Internal Revenue Service, on a reciprocal basis, to inspect these returns for the purpose of Federal tax administration. Severe criminal penalties are provided for the violations of these sections. Under Section 3 of Chapter 14 of the General Laws, the Commissioner of Corporations and Taxation is 'responsible for administering and enforcing all laws which the department is or shall be required to administer and enforce.' Two of the many tax laws that the Commissioner is responsible for administering and enforcing are the personal income tax law, as contained in Chapter 62 of the General Laws, and the corporation excise law, as contained in Chapter 63 of the General Laws. Part of this duty involves the administration and enforcement of the criminal provisions of said chapters. It is the position of the Commissioner of Corporations and Taxation, which is in line with that taken by his predecessors in office, that returns or any information therefrom cannot be given to any other agency for the purpose of developing or initiating a criminal prosecution under the tax statutes. Any criminal prosecution for a tax law violation must be initiated by the Commissioner of Corporations and Taxation, who has sole access to the information necessary to make a determination as to whether or not the Massachusetts tax laws have been violated. Any information indicating a possible criminal

violation of our tax laws received by any other agency should be transmitted to this office for analysis, audit and determination." The letter further states that the question raised by the Attorney General's Department's request has arisen previously with predecessor Attorneys General, who have, in all cases, recognized the position taken by the Commissioner's office. After stating that it is not the Commissioner's "intention to hinder or impede proper criminal prosecutions for tax violations or to deny your assistants information to which they may have rightful access," the Commissioner requests that the Attorney General furnish him with an opinion as to whether the Attorney General or any district attorney "may be given tax returns or any information therefrom filed under" G. L. c. 62 or c. 63 "where the stated purpose of the request is for criminal prosecution" under those chapters.

Also attached to the request is a letter of June 19, 1968, from the Attorney General to the Governor (exhibit D), in which he states that it seems to him inappropriate that he give a ruling on a matter as to which he is an interested party, and that it is preferable to lay the matter before the Governor with the thought that he might seek an advisory opinion from the Justices. This letter gives the issues at length with legal citations, and concludes with a suggestion that the Governor, acting under G. L. c. 30, § 5, determine whether the Commissioner should comply with the requests and with such further authorized requests of a similar nature as may be made on behalf of the Attorney General.

The request concludes:

"Whereas, a question has thus arisen . . . between the Attorney General and the Commissioner as to their respective jurisdictions or powers, and the Attorney General has by his letter (Exhibit D) appealed for a determination of this question pursuant to section 5 of chapter 30 of the General Laws, and

"Whereas, this question is an important question of law, and I am in doubt as to the resolution thereof,

I respectfully request the opinions of the Justices on the following question of law with reference to the annexed Exhibits:

"Is the Commissioner required to comply, or is he prohibited by law from complying, with the requests made, with the Attorney General's prior knowledge and full authorization, by the Chief of the Criminal Division in the Department of the Attorney General, as set forth in Exhibits A and B, respectively, that the tax returns identified therein, or photocopies thereof, be delivered to the Department of the Attorney General for the purpose of criminal prosecution under chapters 62 and 63 of the General Laws?"

In response to our invitation to interested persons to file briefs not later than September 12, 1968, briefs were filed on behalf of the Attorney General, the Commissioner of Corporations and Taxation, the Boston Bar Association, a private individual who is a party to litigation in the Supreme Judicial Court for Suffolk County involving similar questions, and lawyers from three firms accustomed to practice on matters relating to taxation.

The Governor is in doubt whether he may take action under G. L. c. 30, § 5.[1] On the one hand, it is objected that action under § 5 is to be by the Governor and Council, to which it is argued that that power of the Council has been repealed by St. 1964, c. 740. We do not express our views on this issue. The undersigned Justices are of opinion that a solemn occasion exists upon which the Governor may require an opinion under art. 85 of the Amendments to the Constitution. He must decide for himself now

---

[1] "Section 5. In all cases where a question arises between executive or administrative departments, or officers or boards thereof, as to their respective jurisdictions or powers, or where such departments, or officers or boards thereof, issue conflicting orders or make conflicting rules and regulations, the governor and council may, on appeal by any such department or by any person affected thereby, determine the question, and order any such order, rule or regulation amended or annulled; provided, that this section shall not deprive any person of the right to pursue any other lawful remedy. The time within which such appeal may be taken shall be fixed by the governor and council."

whether he should take any step under § 5, whether it is to be with or without the Council. We are strengthened in our belief that we should answer the Governor's question because the Attorney General deems himself disqualified from giving the opinion which usually might be expected from him. It will be noted that there is no longer a constitutional provision for a joint request by the Governor and Council for an advisory opinion.

We detect no impingement upon the doctrine of separation of powers. Agreed, there is a controversy between two officers in the executive department, one constitutional and the other statutory. On a solemn occasion, however, which we think that this is, the Governor has a constitutional right to our opinion under art. 85. He has requested it. It is our duty to answer. There is no obstacle that at another and later time the Legislature could, if it should choose, amend the statutes.

The question is twofold: (1) Is the Commissioner required to comply? (2) Is the Commissioner prohibited by law from complying?

We propose to answer (2), and beg to be excused, for the present, from answering (1). We have in mind that in litigated matters this court has often assumed that public officers will carry out their duty under the law. See, for example, *School Comm. of Gloucester* v. *Gloucester*, 324 Mass. 209, 220; *Mayor of Gloucester* v. *City Clerk of Gloucester*, 327 Mass. 460, 464–465; *Times Film Corp.* v. *Commissioner of Pub. Safety*, 333 Mass. 62, 63.

We cannot accept the Commissioner's basic contention that he, a statutory officer, must initiate all prosecutions for tax law violations. Such a practice would not follow from the language he quotes from G. L. c. 14, § 3 (as amended through St. 1964, c. 460, § 1, that he "shall be responsible for administering and enforcing all laws which the department is or shall be required to administer and enforce." The contention especially cannot prevail against the broad and ancient power of the Attorney General in criminal prosecutions. That office is of "considerable antiquity."

*Commonwealth* v. *Kozlowsky*, 238 Mass. 379, 385. Its powers have been described in the *Kozlowsky* case, where in the words of Chief Justice Rugg (p. 386), "It often has been recognized that the powers of the Attorney General are not circumscribed by any statute, but that he is clothed with certain common law faculties appurtenant to the office." He is "the chief prosecuting officer" (p. 388) and "the chief law officer of the Commonwealth" (p. 389). "He may institute, conduct, and maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the State, the preservation of order, and the protection of public rights" (pp. 390–391). General Laws c. 12, § 10, provides that the Attorney General "shall take cognizance of all violations of law or of orders of courts, tribunals or commissions affecting the general welfare of the people." In *Commonwealth* v. *Tuck*, 20 Pick. 356, 364, it was said, "The authority of the attorney general, when present, to conduct and manage all criminal prosecutions, is unquestionable."

It would be incongruous in the light of the history of the office of Attorney General to decide that the Commissioner cannot properly disclose the returns to him. We do not observe any such requirement in G. L. c. 62, § 58 (as amended through St. 1955, c. 661), or G. L. c. 63, § 71A (as amended through St. 1958, c. 305).

With severe penalties, § 58 provides: "The disclosure by the commissioner . . . to any person but the taxpayer or his agent, except as hereinafter provided, of any information whatever contained in or set forth by any return filed under this chapter, other than the name and address of the person filing it, except in proceedings to collect the tax or for the purpose of criminal prosecution under this chapter is prohibited."

It is not a fatal objection that no prosecutions of the taxpayers, whose returns are requested, have been begun. If it were, the facts here presented amply demonstrate that a stalemate would result. The power of the Attorney General to investigate and prosecute tax cases cannot be inferior to

his power as to other crimes. He does not have to apply to the Commissioner for permission to discharge this duty. Section 58 certainly does not so state. The Attorney General's power in tax cases must in reason comprehend the power to decide after investigation whether criminal proceedings should be instituted. Even in a case where the Commissioner produces and submits evidence of violation to the Attorney General for prosecution, the final decision as to prosecution undoubtedly rests with the Attorney General.

It is not denied that the Attorney General has the duty to see that unpaid taxes are collected or that tax violations are prosecuted. In G. L. c. 62, §§ 56 and 57, tax crimes are set forth.

The language of G. L. c. 63, § 71A, repeats substantially verbatim the provision above quoted from G. L. c. 62, § 58. For violation of § 71A there are criminal sanctions similar to those for c. 62, § 58. On the other hand, no pertinent crimes are in terms created in c. 63. But civil penalties are created by §§ 49, 50, 75, and 79, which nevertheless fall within the duties of the Attorney General. Indeed § 75 gives him express authority to collect taxes under c. 63. Properly to perform his duties under c. 63, he must have access to returns in the custody of the Commissioner. Plainly there is no provision subordinating the Attorney General to other authority empowered to control his performance of this obligation.

The recitals in exhibits A and B are without specification and merely restate the words of G. L. c. 62, § 58, and c. 63, § 71A. The Commissioner can call upon the Attorney General to state the grounds of the requests in exhibits A and B, including the precise sections of the statutes under which he proposes to proceed and the basis for his belief that there have been violations.

In the circumstances of a particular case should there be doubt as to the powers of the Commissioner or those of another public officer, or whether the circumstances are such as to warrant disclosure of a return to the Attorney General,

the Commissioner, the Attorney General or any interested party can readily obtain, under G. L. c. 231A, a declaratory decree determinative of the issues.

To that part of the question which asks whether the Commissioner is prohibited from complying with the Attorney General's request, we answer "No." We beg to be excused from answering the remainder of the question.

RAYMOND S. WILKINS.
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.