WILLIAM PANAGIOTES *vs.* ROBERT D. PLUMMER (and two companion cases). May 11, 1977. 1. It is unnecessary to consider the precise grounds on which the judge excluded the evidence concerning the possibility that Panagiotes had made false representations to Plummer as to his criminal record or his acceptability as the proposed transferee of the beer and wine license. None of the excluded evidence could have had any relevance except in conjunction with the allegation of Plummer's amended answer in No. 187535 to the effect that Panagiotes was estopped (by reason of such representations) from relying on paragraph 6 of the purchase and sale agreement dated June 1, 1972. There was no allegation in the amended answer, nor was there any evidence or offer of proof, that Plummer had entered into that agreement or had otherwise acted in reliance on any such representations. Accordingly, there was no basis for working an estoppel against Panagiotes (see *Sheehan* v. *Commercial Travelers Mut. Acc. Assn. of America,* 283 Mass. 543, 551-552 [1933]; *Cellucci* v. *Sun Oil Co.* 2 Mass. App. Ct. 722, 728 [1974], *S. C.* 368 Mass. 811 [1975]), with the result that none of the excluded evidence was relevant to any issue open under the pleadings in No. 187535. There is no contention that any of that evidence had any relevance in either of the companion cases. 2. The judge did not err in directing verdicts for the defendant on all three counts of the declaration (complaint) in No. 1876. The sole question

Rescript Opinions.

raised by those counts was whether "the defendant [had] failed to account to the plaintiff for the surplus resulting from ... [the sale of the collateral given to secure the note dated October 26, 1971] as is required by [G. L. c. 106, § 9-504(2)]"; more particularly, there was no claim that the collateral had not been sold in a "commercially reasonable" manner as required by G. L. c. 106, § 9-504(3). On a fair construction of all the evidence, there was no surplus because the collateral was sold for $1,158 less than the unpaid balance then due on the note. The plaintiffs' argument to the contrary is based on their contention, which finds no support in the evidence, that the defendant was legally obligated to abate or rebate some portion of the prepaid interest which had been cranked into the note before it was executed. 3. It is not argued that any error was committed in No. 188611. The appeal in No. 188611 is dismissed; the judgments in Nos. 1876 and 18735 are affirmed.

*So ordered.*

The case was submitted on briefs.
*Thomas J. Donahue, Jr.,* for Robert D. Plummer & others.
*Gerald E. Norman* for William Panagiotes.