SHEILA F. BARRAGIA & others *vs.* MOJMIR F. MAZUR & another. June 28, 1978. 1. It was error to dismiss the action as to the plaintiff Thomas A. Flanagan (Flanagan). a. It is clear from the various documents submitted in support of and in opposition to the defendants' motion for summary judgment that there is a disputed issue of fact as to whether Donovan was satisfactory to Flanagan for the purpose of the agreement of August 7, 1973 (agreement), at the time the agreement was executed and the subject premises were conveyed to the defendants. b. Although the undisputed fact that Flanagan maintained complete silence for more than two years (until this action was brought) following his receipt of advice that the defendants had employed Donovan to appraise the premises and following his receipt of a copy of Donovan's appraisal report would warrant an inference that Flanagan had assented to the employment of Donovan as the appraiser

contemplated by the agreement (see *Wheeler* v. *Klaholt*, 178 Mass. 141, 143-145 [1901], and cases cited), that fact, standing alone, does not require that any such inference be drawn as matter of law. c. There is nothing in any of the documents relied on by the defendants which would warrant (much less compel) an inference that either defendant took or refrained from taking any action in reliance on Flanagan's silence. Accordingly, there is no basis in the present record for working an estoppel against Flanagan to deny that Donovan was satisfactory to him as the appraiser contemplated by the agreement. Compare *Panagiotes* v. *Plummer*, 5 Mass. App. Ct. 821 (1977). d. In short, the defendants failed to satisfy their burden of demonstrating on any theory still argued that they were entitled to a judgment against Flanagan as a matter of law under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). 2. Nor is there anything in any of the documents relied on by the defendants which justified the dismissal of the action as to any of the plaintiffs other than Flanagan, none of whom was a party to the agreement (as to which see *Van Dusen Aircraft Supplies of New England, Inc.* v. *Massachusetts Port Authy.*, 361 Mass. 131, 141 [1972], and cases cited). 3. It follows from (1) and (2) above that there is no need to consider the sufficiency of the Barragia affidavit in light of the criteria set out in Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). 4. We note that no question has been raised as to whether the complaint states a claim upon which relief can be granted in favor of any of the plaintiffs. The judgment is reversed, and the case is to stand for further proceedings in the Superior Court; costs of appeal are not to be awarded to any party.

*So ordered.*

*John M. Corcoran* for the plaintiffs.
*Paul J. Driscoll* for the defendants.