STANLEY DANIELCZUK & others *vs.* RONALD J. FERIOLI & another. May 4, 1979. 1. The affidavits and the pleadings clearly set forth a genuine issue of material fact (*Young* v. *Reed*, 6 Mass. App. Ct. 18, 19 [1978]) as to the circumstances of the mortgagee's representative's failure, prior to a foreclosure sale, to keep a promised rendezvous with the alleged representative of a junior lienor who was prepared to bid an amount in excess of the sum realized at the foreclosure sale. The reasons for the meeting's nonoccurrence are disputed and are material to the question of the good faith and reasonable diligence of the mortgagee in the conduct of the foreclosure sale. See *Bon* v. *Graves*, 216 Mass. 440, 446 (1914); *Kavolsky* v. *Kaufman*, 273 Mass. 418, 422-423 (1930); *Krassin* v. *Moskowitz*, 275 Mass. 80, 82 (1931); *Sandler* v. *Silk*, 292 Mass. 493, 496 (1935). Compare *DesLauries* v. *Shea*, 300 Mass. 30, 34 (1938); *Sher* v. *South Shore Natl. Bank*, 360 Mass. 400, 401-403 (1971). Ferioli's motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), was erroneously allowed.

2. As to the defendant Dunn, the amended complaint clearly stated facts which would show that he was the purchaser of the property at the foreclosure sale and that he later took title to the property with full awareness of the plaintiffs' existing action to set aside the mortgage sale, based, among other things, on a claim of the mortgagee's lack of good faith or diligence in conducting the sale. The amended complaint amply stated a cause of action, and the allowance of the motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), was erroneous.

3. We cannot accept Ferioli's and Dunn's argument that they were entitled to the relief for which they had severally moved because the plaintiffs had obtained a preliminary injunction restraining Ferioli's transfer of title to Dunn and then had chosen not to post the $10,000 bond which was required if it were to remain in force. The securing of the injunction was not an election between conflicting remedies. It in no way afforded the plaintiffs the ultimate relief sought, nor did it operate as a waiver of the plaintiffs' right to seek that relief. Compare *Dennett* v. *Codman*, 168 Mass. 428, 429 (1897); *O'Brien* v. *Logan*, 236 Mass. 507, 510 (1920). Nor did the plaintiffs' decision not to post the bond, and thus allow the injunction to dissolve, estop them as a matter of law from asserting against Dunn the ineffectiveness of the transfer of the title to the property to him. The assertion of an estoppel raises factual questions of reliance and reasonableness (see *Cellucci* v. *Sun*

*Oil Co.*, 2 Mass. App. Ct. 722, 728-729 [1974], *S.C.*, 368 Mass. 811 [1975])
that should have been left for resolution at trial. See *Barragia* v.
*Mazur*, 6 Mass. App. Ct. 899 (1978).

*Judgments reversed.*

*Eric W. Wodlinger* for the plaintiffs.
*John H. Wyman* for Doyle Dunn.
*Richard M. Serkey* for Ronald J. Ferioli.