COMMONWEALTH *vs.* ARTHUR J. SPINNEY. October 24, 1979. A careful review of the trial transcript leads us to conclude that the motion for a new trial was properly denied for the reasons stated by the motion judge in his memorandum of decision.

*Order affirmed.*

*Beth H. Saltzman* for the defendant.

*Timothy P. O'Neill,* Assistant District Attorney, for the Commonwealth.

CHAPIN RILEY & another *vs.* MECHANICS BANK. October 26, 1979. The plaintiffs are appealing from that part of the Superior Court judge's order which partially denied their motion for a preliminary injunction. See G. L. c. 231, § 118 (second paragraph), as appearing in St. 1977, c. 405. The judge granted the plaintiffs' request to enjoin the defendant from selling or transferring certain assets of the Chapin Riley Trust B, but refused to enjoin the defendant from selling certain other shares of the plaintiffs' stock which were in the defendant's possession.

On examination of the record, and consideration of the arguments, we are unable to discern any abuse of discretion in the Superior Court judge's ruling. *Jones* v. *Massachusetts Bay Transp. Authy.,* 7 Mass. App. Ct. 914 (1979). See *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 472-473 (1975). But see *Washington Metropolitan Area Transit Commn.* v. *Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C. Cir. 1977).

*Order affirmed.*

*Roger J. Brunelle* for the plaintiffs.

*Darragh K. Kasakoff* for the defendant.