THE MARCH COMPANY, INC. *vs.* JOHN L. VERNALIA. February 26, 1980. The defendant, John Vernalia, appeals from the entry of summary judgment against him as a general partner of Franklin Street Associates for $38,700, the third installment of a fee to the plaintiff for services provided the partnership, including obtaining limited partners for the partnership. The other two general partners, John R. McIsaac and Joseph H. McIsaac, against whom judgment was also entered, have not appealed.

The partnership agreement provided that the third installment of the fee to the plaintiff was to be paid promptly after receipt by the partnership of the third installment of capital contributions from the limited partners. Under the terms of the agreement the obligation of the limited partners to pay the third installment was subject to the condition that all the warranties and representations required to be made by the general partners should be true as of the date that installment was to be paid. According to the affidavits, the third installment of capital contributions was received by the partnership but was diverted from the partnership account by the McIsaacs.

Vernalia's affidavit opposing summary judgment averred that, unknown to him, the McIsaacs improperly requested the third installment of capital contributions from the limited partners in December, 1975, certifying that the installment was due although in fact at least one of the warranties — that all governmental approvals had been obtained — was untrue because a necessary zoning variance had not been obtained. The affidavit alleges further that the plaintiff knew of this improper request but concealed it from Vernalia; that the plaintiff actively solicited payment of the third contribution by the limited partners, assuring them the warranties had been complied with; and that in a meeting with the Massachusetts Housing Finance Agency in December, 1975, O'Connor, vice president of the plaintiff, again not revealing the fact that the improper request for payment had already been made, opposed Vernalia's plan to place the third capital contribution installment in escrow pending resolution of the zoning problem: It was, Vernalia alleges, as a direct consequence of the plaintiff's vice president's dealings with the limited partners and concealment from him that the McIsaacs had already improperly requested the installment that the installments were improperly paid to the McIsaacs, who "were thus enabled to divert all amounts received to their own account."

Vernalia's affidavit thus alleges specific facts which raise two questions of material fact (see *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-554 [1976]), i.e., (1) whether the request for payment of the third capital contribution installment was improper and the installment was therefore not due; and (2) whether the vice president of the plaintiff concealed the McIsaacs' request and the company's solicitation of the limited partners from Vernalia in order to prevent him from taking steps to inform the limited partners of the facts as to the warranties and the zoning variance and to prevent him from ensuring that any funds received were escrowed pending resolution of the zoning problem. Since the partnership agreement tied the time of payment of the third installment of the plaintiff's fee to the payment of the third installment of the limited partners' capital contribution, if the third installment of capital contributions was not properly due, the fee was not due or payable. Moreover, if the plaintiff concealed information from Vernalia to prevent him from taking certain action and he, as a result, failed to take action he otherwise would have taken, to his detriment and the detriment of the partnership, the plaintiff could be estopped from collecting the final installment of its fee from Vernalia. See *J.H. Gerlach Co.* v. *Noyes*, 251 Mass. 558, 565 (1925); *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 297-298 (1935); *Barragia* v. *Mazur*, 6 Mass. App. Ct. 899 (1978).

*Judgment reversed.*

*Alexander Whiteside* for the defendant.
*James J. Marcellino* (*Jerome Heller* with him) for the plaintiff.