CHARGER INVESTMENTS, INC. *vs.* CITY OF REVERE & others (and a companion case). March 13, 1980. When the plaintiffs' requests for preliminary injunctions against the defendants' enforcement of an allegedly unconstitutional licensing regulation were denied, they claimed appeals pursuant to G. L. c. 231, § 118 (second paragraph), as appearing in St. 1977, c. 405, and they also sought relief before a single justice of this court pursuant to the first paragraph of § 118. When the single justice denied their petitions, they claimed appeals. All the plaintiffs' appeals were consolidated for argument before this court. Mass.R.A.P. 3(b), 365 Mass. 846 (1974).

1. In reliance upon *Commonwealth* v. *Sees*, 374 Mass. 532 (1978), we conclude that the trial judge was in error in refusing the plaintiffs' preliminary request to enjoin enforcement of All Alcoholic Beverages License Regulation 20, enacted by the Revere license commission; for the reasons stated in *Sees*, at 535-536, it appears likely that this regulation is unconstitutional. The complaints and supporting affidavits demonstrate that the plaintiffs provide "'barroom type . . . nude dancing' involving 'only the barest minimum of protected expression,'" *Sees*, at 537, quoting *Doran* v. *Salem Inn, Inc.*, 422 U.S. 922, 932 (1975); that the plaintiffs forewarned their patrons of the nature of the entertainment; that the plaintiffs' dancers did not mingle with the patrons; that the plaintiffs' business drastically decreased when such entertainment was not provided to their patrons; that the plaintiffs will suffer grave economic loss and possible bankruptcy in the absence of relief; and that the defendants have determined to prosecute any violation of the regulation should the plaintiffs resume such entertainment for their patrons while serving them alcoholic

beverages. There is nothing on the record before us which shows that the defendants dispute these facts; that the entertainment in dispute at the plaintiffs' establishments while liquor was being served encouraged other criminal conduct; or that the anticipated prosecution would not be commenced pending trial of the plaintiffs' complaints. We conclude that in light of the regulation and the uncontradicted facts asserted in the plaintiffs' affidavits, it was improper to deny them injunctive relief. See *Revere* v. *Aucella*, 369 Mass. 138, 143 (1975), appeal dismissed sub nom. *Charger Invs., Inc.* v. *Corbett*, 429 U.S. 877 (1976); *Washington Metropolitan Area Transit Commn.* v. *Holiday Tours, Inc.*, 559 F. 2d 841, 844-845 (D.C. Cir. 1977). Compare *Riley* v. *Mechanics Bank*, 8 Mass. App. Ct. 918 (1979). The order denying the plaintiffs' requests for injunctive relief is reversed, and the matter is remanded to the Superior Court for the framing of an injunction pending trial.

2. The two appeals from the orders of the single justice are moot in view of our above decision. Additionally, these appeals are not properly before us. As that Justice neither reported his actions to the full court nor allowed a petition which had requested interlocutory appellate review, the appeals are interlocutory, and they must be dismissed. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 470 (1975). *Corbett* v. *Kargman*, 367 Mass. 971, 971-972 (1976). *Cappadona* v. *Riverside 400 Function Room Inc.*, 372 Mass. 167, 168 (1977). Contrast *Borman* v. *Borman*, 378 Mass. 775, 778-781 (1979).

*So ordered.*

*Kenneth H. Tatarian* for the plaintiffs.
*Richard B. Villiotte*, City Solicitor, for the defendants.