CHESTY MORGAN & others[1] *vs.* TOWN OF STOUGHTON & others.[2] November 2, 1984. *Injunction. Alcoholic Liquors,* Entertainment, Suspension of license. *Public Entertainment.*

Finding that the plaintiffs had violated the town's entertainment by-law,[3] the board of selectmen of Stoughton (board) voted to suspend the entertain-

---

[1] Sport Lounge, Inc., and George F. Alexopoulos.

[2] The board of selectmen and the police chief of the town.

[3] The Stoughton by-law in relevant part provides: "Section 1. The following acts or conduct in or on premises licensed in accordance with Chapter 140, Section 181

ment and alcoholic beverages licenses of the plaintiff Sport Lounge, Inc. The entertainment license was to be suspended for one day, the alcoholic beverages license for five days. The plaintiffs thereupon brought an action seeking, among other things, to enjoin the defendants from commencing "any criminal, civil or administrative process or action" against the plaintiffs or which would affect their licenses "for an asserted violation of: (1) Sections 1(b) or 1(c) of the Stoughton Town Entertainment By-law, (2) Massachusetts General Laws c. 272, § 29, or (3) Regulation 21 of the Alcoholic Beverages Control Commission, 204 CMR 2.05(2), by permitting an illegality" (i.e. violation of the Stoughton entertainment by-law). Their request for a preliminary injunction was denied, as was their petition under the first paragraph of G. L. c. 231, § 118, for relief to a single justice of this court from the denial of the injunction. The present appeal from the denial of the preliminary injunction is brought under the second paragraph of G. L. c. 231, § 118.

1. *Applicability of by-law.* We agree with the plaintiffs that the Stoughton by-law[4] is not applicable to their activities. The by-law, which the selectmen found to have been violated, by its terms purports to regulate "acts or conduct . . . on premises licensed in accordance with [c.] 140, [§] 181." See note 3, *supra.* Since the license here involved was issued under G. L. c. 140, § 183A, we hold the by-law inapposite. The statutory licensing scheme clearly distinguishes between the two kinds of licenses. See G. L. c. 140, § 182.

---

are deemed contrary to the public need and to the common good and therefore no license shall be held for the sale of alcoholic beverages to be served and drunk on the licensed premises where such acts or conduct are permitted:

> "(a) It is forbidden to employ or permit any person in or on the licensed premises while such person is unclothed or in such attire as to expose to view any portion of the areola of the female breast or any portion of the pubic hair, cleft of the buttocks or genitals.

> "(b) It is forbidden to employ or permit any hostess or other person to mingle with the patrons while such hostess or other person is unclothed or in such attire as described in paragraph (a) above.

> "(c) It is forbidden to encourage or permit any person in or on the licensed premises to touch, caress, or fondle the breasts, buttocks or genitalia of any other person."

The plaintiffs' complaint alleges that Morgan's performance is "protected expression." In explaining the entire performance, the plaintiffs allege that Morgan "occasionally invites a patron to come up to the edge of the stage, but not on the stage, and permits him or her to touch the top portion of breasts above the neckline of the negligee, or to put his or her face into the top portion of her breasts while she shakes them in a kootchy-kootchy fashion . . . ."

[4] We have been informed that subsequent to the proceedings suspending the licenses of the plaintiffs the town amended its by-law. No question involving the new by-law is presently before us.

2. *Injunction.* Although, as indicated in part 1, *supra,* the plaintiffs have a meritorious claim, there is no present showing of the need for an injunction under the criteria of *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 616 (1980).

The transcript of the hearing before the board reveals that the sole basis for the license suspensions was the finding of a violation of the Stoughton by-law, which, in turn, triggered a violation of Regulation 21 of the Alcoholic Beverages Control Commission. The single justice in his order indicated that, at least as to the suspension of the alcoholic beverages license, the defendants agreed to take no action until the completion of the administrative process under G. L. c. 138. There is also no suggestion that the board will seek enforcement of the suspension of the entertainment license prior to the pending proceedings seeking judicial review of the suspension.

The transcript of the hearing before the board establishes that the board specifically refused to consider the question of a violation of c. 272, § 29, the chairman stating that that matter was "a dropped issue at this point." For this reason, if for no other, the plaintiffs' reliance on *Charger Invs., Inc.* v. *Revere,* 9 Mass. App. Ct. 872 (1980), to justify issuance of the preliminary injunction is misplaced. As the single justice pointed out, "[T]here is nothing in the record . . . which would indicate that the Selectmen have any intention of seeking a complaint for violation of G. L. c. 272, § 29."

In these circumstances, and acting on the assumption that the town officials will abide by our ruling that the by-law does not apply to these plaintiffs, see *Times Film Corp.* v. *Commissioner of Pub. Safety,* 333 Mass. 62, 63 (1955), we decline to order injunctive relief. See *Mayor of New Bedford* v. *City Council of New Bedford,* 13 Mass. App. Ct. 251, 257 (1982).

*Order denying preliminary*
*injunction affirmed.*

*Kenneth H. Tatarian* for the plaintiffs.
*Elizabeth A. Lane* for the defendants.