726                                           29 Mass. App. Ct. 726

Utility Contractors Association of New England, Inc. v. Department of Public Works.

UTILITY CONTRACTORS ASSOCIATION OF NEW ENGLAND,
INC. *vs.* DEPARTMENT OF PUBLIC WORKS.

Nos. 90-P-921 & 90-P-1062.

Suffolk. December 18, 1990. - January 18, 1991.

Present: WARNER, C.J., ARMSTRONG, & LAURENCE, JJ.

*Practice, Civil*, Moot case, Declaratory proceeding, Intervention. *Moot Question. Injunction. Jurisdiction*, Declaratory relief. *Civil Rights*, Availability of remedy, Coercion.

In a civil action in which the defendant had stated under oath that it did not intend to do the action the plaintiff sought to have enjoined, the plaintiff's appeal from the denial of injunctive relief and an appeal by proposed interveners from the denial of their motion for leave to intervene were moot. [729-730]

This court was of the view that action by the Department of Public Works in announcing its intention to adopt a certain contested bid specification did not amount to coercive activity giving rise to a civil rights claim under G. L. c. 12, §§ 11H & 11I, by an organization of contractors and others in the public construction industry. [730-732]

CIVIL ACTION commenced in the Superior Court Department on May 23, 1990.

Motions for preliminary injunctive relief and for leave to intervene were heard by *J. Owen Todd*, J.

*Gerald K. Kelley*, Assistant Attorney General, for the Department of Public Works.

*Robert W. Kopp* of New York (*Dianne R. Phillips* with him), for Bechtel Corporation/Parsons Brinckerhoff, Quade & Douglas, Inc., amicus curiae.

*Donald J. Siegel*, for Building Trades Council of the Metropolitan District, amicus curiae.

*Richard D. Wayne* for the plaintiff.

*John M. Stevens & Arthur G. Telegen*, for Massachusetts Water Resources Authority, amicus curiae, submitted a brief.

WARNER, C.J. These are the consolidated appeals[1] of the Utility Contractors Association of New England, Inc. (UCANE), pursuant to G. L. c. 231, § 118, second par., from the denial of its request for a preliminary injunction, and Bechtel Corporation/Parsons Brinckerhoff, Quade & Douglas, Inc. (Bechtel/Parsons), and The Building Trades Council of the Metropolitan District (Trades Council) from the denial of their motions to intervene under Mass.R.Civ.P. 24(a)(2) and 24(b)(2).[2]

*Background.* On May 23, 1990, UCANE, an organization comprised of contractors and others involved in the public construction industry in Massachusetts, brought an action for declaratory judgment in the Superior Court. G. L. c. 231A. UCANE challenged the legality of a bid specification which the Department of Public Works (DPW) intended to implement to carry out the eight- to ten-year and over four billion dollar public works project (largely Federally funded) known as the Central Artery/Third Harbor Tunnel Project (CAP). The DPW planned to require contractors to execute a project labor agreement, a form of collective bargaining agreement (Agreement), previously negotiated by Bechtel/Parsons, DPW's construction manager for the CAP, and the Trades Council, an organization comprised of twenty-four different building trade unions representing construction workers in the Boston area, as a condition for acceptance of their bids.[3] Such agreements are used to deal with the complexities of major construction projects and typically include standardization of working conditions and mechanisms for resolving disputes without interruption of work. Among its extensive provisions, the Agreement required contractors to utilize union hiring halls as a primary source of labor and to recog-

---

[1] The Superior Court judge initially decided to report the case to this court but, upon reconsideration, decided not to do so.

[2] The proposed interveners, as well as the Massachusetts Water Resources Authority, were allowed to file briefs as amici curiae on the merits of UCANE's appeal.

[3] The DPW had not yet approved the Agreement when UCANE brought this action. The Agreement was subsequently approved on October 10, 1990.

728                                      29 Mass. App. Ct. 726

Utility Contractors Association of New England, Inc. *v.* Department of Public Works.

nize local unions as exclusive bargaining agents for craft employees working on the CAP. The Agreement also contained a broad no-strike clause. Both union and non-union contractors were eligible to bid under the Agreement.

UCANE attacked the proposed bid specification on numerous State constitutional and statutory grounds. It asserted, among other things, violations of contractors' and their employees' rights as protected by arts. 1, 10 and 12 of the Declaration of Rights of the Massachusetts Constitution, violations of State public bidding and labor laws[4], and violation of the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H & 11I. UCANE sought injunctive relief, a judgment declaring the proposed bid specification illegal and unenforceable, and costs, interest and attorneys' fees. Bechtel/Parsons and the Trades Council moved to intervene as defendants.

On October 24, 1990, while these appeals were pending, the United States Court of Appeals for the First Circuit held that an analogous bid specification issued by the Massachusetts Water Resources Authority (MWRA), which required that contractors working on the Boston Harbor Cleanup Project execute a collective bargaining agreement previously negotiated by MWRA's project manager and the Trades Council, was preempted by Federal labor policy. *Associated Builders and Contractors of Mass./R.I.,Inc. v. Massachusetts Water Resources Authy.*, No. 90-1392 (1st Cir. Oct. 24, 1990). The DPW, in an affidavit of its project director, William V. Twomey, now states that it will not issue the contested bid specification.[5]

The DPW contends that its current statement of intention renders these appeals moot. It has moved for an indefinite stay of UCANE's appeal, rather than for dismissal, because of the possibility that a justiciable controversy may arise in

---

[4]UCANE alleged violation of the fair competitive bidding laws (G. L. c. 30, § 39M; G. L. c. 149, §§ 44A et seq.); the prevailing wage law (G. L. c. 149, §§ 26 et seq.), and the public employee collective bargaining law (G. L. c. 150E).

[5]No bid proposal has been issued containing the contested requirement.

the future. A petition for a rehearing en banc has been granted (January 3, 1991) by the Court of Appeals in the MWRA case,[6] and, according to the DPW, the MWRA and the unions will seek a writ of certiorari to the United States Supreme Court if the First Circuit's decision stands. The DPW may again consider issuing the contested bid specification if the First Circuit's decision is overturned or substantially modified.[7]

*Mootness.* The DPW's representation that it does not intend to issue the contested bid specification has rendered UCANE's appeal from the denial of a preliminary injunction moot. There is presently nothing to enjoin. See *Vigoda* v. *Superintendent of Boston State Hosp.*, 336 Mass. 724, 725 (1958) (hospital's restoration of petitioner to his former position as a psychiatric social worker mooted controversy over his dismissal from that position); *Massachusetts Bay Transp. Authy.* v. *Local 589, Amalgamated Transit Union*, 406 Mass. 36 (1989) (union's claim for injunctive relief was moot because the MBTA stopped implementing the contested affirmative action plan); *Morgan* v. *Stoughton*, 18 Mass. App. Ct. 977, 979 (1984) (no present need for injunctive relief where board of selectmen agreed not to enforce suspension of plaintiff's entertainment license pending the completion of ongoing judicial proceedings). UCANE contends that we should nevertheless decide its appeal because the DPW may issue the challenged specification at some future time.

Under certain circumstances, our appellate courts will address moot questions. "[W]e have on occasion answered questions in moot cases where the issue was one of public importance, where it was fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring ques-

---

[6] On January 10, 1991, the Court of Appeals ordered the reentry, pending the outcome of the appeal, of the injunction against the use of the bid specification proposed by MWRA.

[7] In its affidavit, the DPW has stated that, if it were to decide to issue the contested bid specification, it would give UCANE's counsel sixty days' advance written notice.

tion would again be moot." *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984), and cases cited. This case concerns issues of public importance and has been fully briefed. The possibility that a justiciable controversy will arise between these parties in the future is, however, merely speculative. Changes in the governing law, underlying conditions or procedure might give rise to different controversies or to none. It would be a waste of judicial resources for this court to decide the questions presented in these appeals where "the factual underpinnings of the dispute . . . are likely to so change as to make . . . [a] decision 'a useless and inappropriate exercise.' " *Lockhart* v. *Attorney Gen.*, *supra* at 784, quoting from *Reilly* v. *School Comm. of Boston*, 362 Mass. 689, 693 (1972). In short, "the total situation is too unstable for a declaration." *Reilly* v. *School Comm. of Boston*, *supra* at 694. Nor does this case present the type of controversy which is likely to arise again and evade review. Contrast *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298-300 (1975); *Adoption of Emily*, 25 Mass. App. Ct. 579, 580 n.1 (1988), and cases cited; *Umina* v. *Malbica*, 27 Mass. App. Ct. 351, 354 (1989).

*Proposed interveners' appeal.* The proposed interveners have supported the DPW's motion for an indefinite stay and have moved for an indefinite stay of their appeals in the event that the DPW's request is granted. At oral argument, both interveners pressed for outright dismissal of all appeals. The withdrawal of the plan to issue the contested bid specification obviates the proposed interveners' asserted interest in this action — to defend the legality of requiring CAP contractors to be bound by the Agreement — and, for the reasons we have discussed, dismissal of these appeals is the appropriate disposition.

*The Massachusetts Civil Rights Act claim.*[8] UCANE contends that, by announcing its intent to issue the contested bid

---

[8] General Laws c. 12, § 11H, as inserted by St. 1979, c. 801, § 1, provides in pertinent part as follows: "Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion,

specification, the DPW has violated UCANE's rights under the Massachusetts Civil Rights Act (MCRA), thereby entitling UCANE to costs and attorney's fees. This claim is not now before us on UCANE's appeal under G. L. c. 231, § 118, second par., from the denial of injunctive relief. However, because we remand the case to the Superior Court, we briefly comment on the question.

The MCRA protects only against the interference of rights by means of "threats, intimidation or coercion." "Not every violation of law is a violation of the State Civil Rights Act. A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act." *Longval v. Commissioner of Correction*, 404 Mass. 325, 333 (1989). The statutory terms "have been applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate." *Smith v. Longmeadow, ante* 598, 603 (1990), and cases cited. See *Longval v. Commissioner of Correction, supra*, citing cases where threatening, intimidating, or coercive conduct was found, each involving physical confrontations and threats of harm. In *Longval*, the court said there would be no coercion within the meaning of the MCRA by reason of prison officials' authorized use of force to compel a prisoner to do something he did not want to do, even if it were later

with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured."

General Laws c. 12, § 11I, as inserted by St. 1979, c. 801, § 1, provides as follows: "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court."

determined that the official had no lawful right to compel the prisoner to take that action. See also *Smith* v. *Longmeadow*, *supra* at 603. ("Adverse administrative action, at least when not part of a scheme of harassment, does not amount to 'threats, intimidation or coercion.' *Pheasant Ridge Assocs. Ltd. Partnership* v. *Burlington*, [399 Mass. 771,] 781 [1987]. *Rosenfeld* v. *Board of Health of Chilmark*, 27 Mass. App. Ct. 621, 626-627 [1989]"). As the Superior Court judge noted in his memorandum and order, UCANE's contention, in count ten of its amended complaint, that the DPW's announced bid specification "is an illegal threat, is an act of intimidation, and is coercive" does not in itself demonstrate threatening, intimidating, or coercive activity within the meaning of the MCRA.[9]

The appeals of UCANE and the proposed interveners are dismissed, not on the merits but because they are moot. For the same reason, the order of the Superior Court judge denying injunctive relief is vacated. See *Reilly* v. *School Comm. of Boston*, 362 Mass. at 696. The case is remanded to the Superior Court for such further proceedings, if any, as may be appropriate.

*So ordered.*

---

[9]The judge also said: "It is subject to serious doubt that the Massachusetts Civil Rights Act . . . would apply to and nullify the DPW's enforcement of the Project Labor Agreement. The requisite threats or duress would not appear to be present nor would the DPW's expected action seem to interfere with a right of the plaintiff secured by the Constitution or the laws of the United States or Massachusetts."