Fecteau, J.
The plaintiff-mortgagor, Elizabeth Kazarian (Kazarian), commenced this action against the defendant, Shawmut Bank, N.A (Shawmut), alleging wrongful acts relating to a threatened foreclosure of her property. Kazarian’s claims allege a breach of the common-law duties of good faith and reasonable diligence in the inchoate foreclosure sale of Kazarian’s property. For the following reasons, Shawmut’s motion for summary judgment is ALLOWED and Shawmut’s motion for costs and attorneys fees is DENIED.
BACKGROUND
On or about May 27, 1988, Shawmut entered into a $200,000.00 loan transaction with Kazarian, as evidenced by a promissory note (the note). The transaction included the creation of a mortgage on Kazarian’s property consisting of 31.4 acres located at 24 Wheeler Road, North Grafton, Massachusetts (the Property). The mortgage conferred upon Shawmut a power of sale, thereby allowing Shawmut to sell the Property through a foreclosure proceeding in the event Kazarian defaulted on the note.
In October 1991 Kazarian defaulted on the note by failing to make payments when due. By letter dated February 25, 1993, Shawmut madé demand upon Kazarian to satisfy her loan obligation to Shawmut. Kazarian made no payments on the note for the subsequent nine months. As of October 28, 1993, Kazar-ian had made no payments on the note in over two years and was indebted to Shawmut in the amount of $221,013.90, including principal and interest.
In 1991, Kazarian also decided to investigate the possibility of subdividing the Property. In spring 1993 the Town of Grafton Planning Board (Board) approved Kazarian’s request for cluster zoning and her preliminary plan for subdivision. In order to proceed with the subdivision and sale of the Property, Kazarian still needed approval from the Town of Grafton of a definitive subdivision plan and a special permit.
On or about October 7, 1993, Shawmut sent notice to Kazarian of its intent to exercise its right to foreclose upon the Property by a sale to be conducted on October 28, 1993. On or about October 17, 1993, Shawmut published notice of the foreclosure sale in the local newspaper. On October 22, 1993, Kazarian filed the verified complaint for this action against Shawmut, as well as a motion for temporary restraining order seeking to enjoin the foreclosure sale on the grounds that the Property would not be sold at a price consistent with its highest and best use as a potential subdivision. Kazarian sought to restrain Shawmut from forcing an involuntary sale of the Property until the Town of Grafton had completed its review process of the proposed subdivision. The motion for a temporary restraining order was denied.
After Kazarian’s attempt to enjoin the sale of the Property was denied, Kazarian requested that Shawmut postpone the October 28, 1993 foreclosure sale in exchange for payment in the amount of $23,740.00 to be applied to her indebtedness. Shawmut agreed to adiourn the sale until November 8, 1993.
On or about October 28, 1993, Kazarian informed Shawmut of her intention to repay the full amount borrowed under the note. On November 5, 1993, Shawmut received from Kazarian payment of $219,301, in full satisfaction of the current obligation under the note. Kazarian had entered into a purchase and sale agreement to sell most of the land constituting the Properly and the buyer would, in exchange, provide Kazarian with $237,000.00 immediately. The purchase and sale agreement further indicated that the sale would not be completed for at least a year or until the lots are fully approved for use as a subdivision, whichever was later. The subdivision was finally approved in February 1995. The closing for the sale of the Property did not occur until April 1995. A portion of the land originally intended to be sold to the buyer was not included in the actual sale due to environmental concerns which prevented their use in the subdivision.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the *271 absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving part establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing parly cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The law governing a mortgagee’s responsibility to the mortgagor in the exercise of a power of sale is relatively straightforward. The mortgagee “must act in good faith and must use reasonable diligence to protect the interests of the mortgagor.” Williams v. Resolution GGF Oy., 417 Mass. 377, 382-83 (1994), citing Seppala & Aho Constr. Co. v. Peterson, 373 Mass. 316, 320 (1970); Cambridge Sav. Bank v. Cronin, 289 Mass. 379, 382 (1935). Literal compliance with the power of sale in the mortgage or with the other provisions of the mortgage is not enough to enough to meet the mortgagee’s responsibilities. Davis v. Newburyport Five Cents Sav. Bank, 311 Mass. 377, 381 (1942); Sandler v. Silk, 292 Mass. 493, 496 (1935).
Consistent with these requirements, the mortgagee has a duty “to obtain for the mortgagor as large a price as possible” in carrying out a foreclosure. Clark v. Simmons, 150 Mass. 357, 359 (1890). Foreclosure refers to the termination of all rights of the mortgagor in the property covered by the mortgage. “In its essential meaning, foreclosure imports definiteness in point of time as well as finality of consequence.” Mass. Jur., Property §34:1 (1993). It denotes the end of the procedure adopted by the mortgagee to bar perpetually the rights of the mortgagor and not the beginning or preparatory stages. Levin v. Century Indem. Co., 279 Mass. 256, 259 (1932). In short, foreclosure means “the sale itself rather than the steps preliminary to the sale.” Id. In the absence of a foreclosure, or more specifically, a completed sale of the mortgaged property, any attempt to hold Shawmut liable for a failure “to obtain for the mortgagee as large a price as possible” is paradoxical and untenable. The imposition of a duty to obtain the best price possible for the mortgagor assumes that there has been a foreclosure through the exercise of a power of sale. The court is without any means to evaluate whether the mortgagee obtained the best possible price if a mortgagee has not actually sold the property. However, in this case, the power of sale was never exercised because there was in fact no foreclosure upon the Property.
The fact that Kazarian chose to sell the Property in order to pay off the note prior to the planned foreclosure was certainly within her rights as the mortgagor. Charlestown Five Cents Sav. Bank v. White, 30 F.Supp. 416, 418 (D. Mass. 1939). Such a sale, while perhaps one under some distress caused by the fear of foreclosure, does not constitute a “forced sale.” However, the court can not judge Shawmut’s efforts to meet its duties based upon a sale price accepted by Kazarian. Otherwise, a mortgagor would have no incentive to seek out his or her own best possible price for the mortgaged property before accepting an offer if a claim could be made against the mortgagee for potentially insufficient preliminary efforts in arranging a foreclosure sale which will never happen.[1] Thus, Kazarian’s attempt to hold Shawmut liable for an alleged breach of its duty to obtain the best possible price for a mortgagor in a foreclosure sale must fall in the absence of a foreclosure. Summary judgment is properly entered on Shawmut’s behalf.
With respect to Shawmut’s request for attorneys fees and costs, the court finds that Kazarian’s claims were not wholly insubstantial, frivolous, or advanced in bad faith. Miaskiewicz v. LeTourneau, 12 Mass.App.Ct. 880, 881-82 (1981). Therefore, Shawmut’s request for attorneys fees and costs is properly DENIED.
ORDER
For the foregoing reasons, the Motion for Summary Judgment of Defendant Shawmut Bank, N.A. is ALLOWED and the Shawmut’s Motion for Costs and Attorneys Fees is DENIED.

This is not to say that a mortgagor may not hold a mortgagee liable for the mortgagee’s preforeclosure actions. There are certain circumstances in which the mortgagee’s preforeclosure actions are such that liability is properly imposed. See, e.g., Danielczuk v. Ferioli, 7 Mass.App.Ct. 914 (1979) (mortgagee’s representative’s failure, prior to foreclosure sale, to keep promised rendezvous with party prepared to purchase mortgaged property may open mortgagee up to liability). However, even in those cases, an actual foreclosure appears to be a prerequisite. See id.
In addition, although the court does not rule on this issue, Kazarian’s contention that Shawmut should have advertised the Property as a subdivision is unsupported and unsound. The Property was not approved prior to the time of the scheduled foreclosure sale. While Kazarian certainly overcame a major obstacle to subdivision by obtaining preliminary approval, its final approval was far from assured. As illustrated by the two-year delay and the exclusion of two of the proposed subdivision lots due to environmental concerns, the approval of a subdivision is a difficult process. Shawmut needs to only advertise as required by law. West Roxbury Co-operative Bank v. Bowser, 324 Mass. 489, 493 (1949).The law does not require the mortgagee to advertise every conceivable use for property to be sold under a power of sale. G.L.c. 244, §14.